■ In the Matter of G&S PHARMACY, INC., Appellant, v CESAR A. PERALES, Individually and as Commissioner of the New York State Department of Social Services, Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated July 29, 1988, which denied the petitioner's application to reenroll as a provider of services in the New York Medicaid program, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lodato, J.), dated November 7, 1988, which upon granting the respondent's motion to dismiss, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to the newly enacted regulations contained in 18 NYCRR part 504, the petitioner, a participating pharmacy in the Medicaid program, was required to submit an application for reenrollment in the program. Following an on-site investigation which revealed seven violations, the respondent denied the petitioner's application to reenroll. Nevertheless, the petitioner was permitted to submit arguments and documentation contesting the decision and did so. The respondent's denial of reenrollment was not to take effect during the consideration of the petitioner's written submission. By letter dated July 29, 1988, the petitioner was notified that its appeal of the denial of reenrollment had been rejected.

It is clear that the appropriate regulations governing this

case are found in 18 NYCRR part 504 and not 18 NYCRR part 515. The former provides the procedures for enrollment and reenrollment in the Medicaid program and the latter concerns the sanctioning of applicants accepted into the system. The fact that part 504 does not provide for an evidentiary hearing does not mean that the petitioner was denied due process. The basic requirements of due process, i.e., notice of the charges and adequate opportunity to be heard (see, Mathews v Eldridge, 424 US 319, 348), are satisfied by the notice and review procedures set out in 18 NYCRR 504.5. In this case the petitioner was adequately informed of the reasons behind the respondent's denial of its application to reenroll, and was given an opportunity to contest those findings before any adverse action was taken. The fact that a posttermination hearing may be afforded to a provider sanctioned for wrongdoing under 18 NYCRR part 515 does not mean that the same rights must be accorded one applying to participate in the system. We note further that a rejected applicant may reapply after correction of the faults found by the respondent (see, 18 NYCRR 504.5 [d]).

Moreover, the respondent's determination to deny the application for reenrollment was neither arbitrary nor capricious. Among the reasons given for rejection were charges that the petitioner maintained as many as 200 outdated drugs in its dispensing stock, held misbranded drugs for sale, and failed to make or maintain a controlled substance biennial survey. We cannot agree with the petitioners that these were such minor violations that denial of its application was either arbitrary or capricious.

We have considered the petitioner's remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.