■ In the Matter of JOSEPH BARATA, Appellant, v CESAR A. PERALES, as Commissioner of Social Services of the State of New York, Respondent.—Order of the Supreme Court, New York County (William P. McCooe, J.), entered on or about September 21, 1988, which granted reargument and upon reargument adhered to the original judgment dated August

29, 1988, which dismissed petitioner's application in this CPLR article 78 proceeding to review and annul respondent's determination denying his application for reenrollment in the New York Medicaid program, unanimously affirmed, without costs.

Petitioner is a licensed, practicing physician and had been continuously enrolled in the New York Medicaid program as a provider of medical services to the poor for over 15 years. In January 1987, respondent Department of Social Services (DSS) issued a new regulation requiring previous providers to submit an application for reenrollment upon 60 days' notice. After receiving notice from DSS, petitioner submitted an application and DSS conducted a review of petitioner's medical records. Afterwards, a peer review of sample records of 10 patients resulted in petitioner being notified, in writing, that his reenrollment application was denied and that his provider status would be terminated within 30 days, subject to the right to an administrative appeal (18 NYCRR part 504).

DSS informed petitioner that he was being denied reenrollment due to poor record-keeping practices insofar as the files reviewed were illegible and covered more than one patient in a single record, making it impossible to assess the physician's findings, the diagnosis made and the care given to each. After petitioner submitted a written response, DSS's committee reviewed the matter and rejected petitioner's challenge to DSS's original determination. After DSS's Deputy Commissioner of the Division of Medical Assistance adopted the prior ruling, petitioner commenced the instant article 78 proceeding.

Contrary to petitioner's contention, a participating physician in New York's Medicaid program does not have a constitutionally protected property right to continued participation in the program and, thus, has no right to an evidentiary hearing based on the denial of his reenrollment application (*Matter of Bezar v New York State Dept. of Social Servs.*, 151 AD2d 44). Moreover, the appropriate regulations governing this case are found in 18 NYCRR 504.5 and 504.7 (a), encompassing denial of reenrollment in the Medicaid program, and not in 18 NYCRR part 515 (*see also*, 18 NYCRR 504.7 [b] [concerning sanctions against enrolled providers]; *see, Matter of G&S Pharmacy v Perales*, 151 AD2d 668, *lv denied* 74 NY2d 612). Consequently, the administrative appeal provided under the regulations, together with judicial review pursuant to CPLR article 78, adequately afforded due process to petitioner. Finally, the record supports respondent DSS's determination

denying petitioner's reenrollment application pursuant to 18 NYCRR part 504. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.