■ ALBERT E. WINYARD, III, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. ENRIQUE SANCHEZ, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. GYMAR PHARMACY, INC., Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. FARMACIA KAY, INC., Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New

York, Appellant. S.A. BUSINESS ASSOCIATES, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. 1230 FULTON DRUGS, INC., Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. HILARIO TOLEDO, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. AIN PHARMACY, INC., Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. GEORGE N. PACE, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. GIOVANNI DEL GIZZO, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant, KOSHI PADNANI, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. RAYMOND HAAS, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant. NIRANJANA PARIKH, Respondent, v CESAR PERALES, as Social Services Commissioner of the State of New York, Appellant.—Judgments of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on March 3, 1989, which, *inter alia,* granted various petitions brought pursuant to CPLR article 78 and annulled respondent's determination denying the petitioners' reenrollment in the New York State Medicaid program on the ground that no hearings had been provided, are unanimously reversed, on the law, and the determinations reinstated, without costs.

Petitioners' applications for reenrollment as Medicaid providers were denied for various deficiencies including record-keeping practices, quality of care and overutilization of services (viz., excessive patient visits and excessive use of diagnostic procedures) pursuant to 18 NYCRR part 504. Although the written appeal procedures found in 18 NYCRR 504.5 (e) were not codified until June 6, 1988, after petitioners' applications for reenrollment (18 NYCRR 504.10 [b]) had been denied, each was advised of the right to submit documentary evidence and written arguments contesting the administrative determination in his case. Supreme Court granted the petitions to annul the determinations of the Department of Social Services on due process grounds. It found that a hearing is required in accordance with 18 NYCRR part 515, as provided in 18 NYCRR 504.7 (b). Respondent appealed from the various judgments (denominated orders) entered on the court's decision, which appeals were consolidated by order of this court entered November 2, 1989.

As we recently held in *Matter of Barata v Perales* (157 AD2d 623), Medicaid providers have no constitutionally protected property right to continued participation in the Medicaid program and, therefore, no right to a hearing upon denial of reenrollment *(Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44). In the absence of any requirement for a hearing, it is immaterial that the limited written appeal actually afforded to petitioners was not yet codified in the Department's regulations. As we observed in *Barata (supra),* this limited administrative review together with judicial review pursuant to CPLR article 78 affords adequate due process. Petitioners cannot complain that they were prejudiced by having received more extensive procedural due process rights than those then provided in departmental regulations. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.