■ In the Matter of RAY PHARMACY, INC., Respondent, v CESAR A. PERALES, as Commissioner of Social Services of the State of New York, Appellant.—Judgment of the Supreme Court, New York County (Andrew R. Tyler, J.), entered July 17, 1989, which granted the petition in this CPLR article 78

proceeding to the extent of remanding the matter to the respondent for an evidentiary hearing and denied respondent's cross motion to dismiss the proceeding, is unanimously reversed, on the law, and the cross motion by respondent for judgment dismissing the proceeding granted, without costs or disbursements. The clerk is directed to enter judgment in favor of respondent-appellant dismissing the proceeding.

By notice dated November 3, 1988, respondent advised petitioner that its participation in the Medicaid program was discontinued. The notice of termination was sent pursuant to 18 NYCRR 504.7 (a), which provides: "A provider's participation in the program may be terminated by either the provider or the department upon 30 days' written notice to the other without cause." The notice stated, "The Department of Social Services has decided that the best interests of the Medicaid program would be served by discontinuing your participation as a Medicaid provider." The termination was effective December 2, 1988, 30 days after the date of the letter. An enclosed "SUMMARY OF FACTORS" listed 11 problems based on an in-site inspection and review of the petitioner's records. The petitioner had been a Medicaid provider since 1985. In a letter dated November 22, 1988 to the Department of Social Services (DSS), the petitioner stated pursuant to 18 NYCRR part 515 that it was " 'entitled to notice *and* an opportunity to be heard' " (emphasis added). Thereafter, petitioner brought this proceeding for an order annulling its termination, and for reinstatement. It also alleged 18 NYCRR 504.7 (a) is unconstitutional as it affords terminated providers no opportunity to recoup a vested interest. The IAS court granted the petition to the extent of remanding the case to the respondent Commissioner for an evidentiary hearing and, pending the hearing, the continuance of petitioner's participation as a Medicaid provider.

We find the IAS court erroneously interpreted the respondent's decision to terminate pursuant to 18 NYCRR 504.7 (a) as the equivalent of one being threatened with sanctions or suspension pursuant to 18 NYCRR 504.7 (b) or part 515. Accordingly, we reverse.

18 NYCRR 504.7 (a) states that a provider's participation in the program may be terminated, without cause, by *either* the *provider* or *DSS* upon 30 days' written notice to the other.

A provider threatened with suspension or sanctions pursuant to 18 NYCRR 504.7 (b) and part 515, on the other hand, is entitled to an evidentiary hearing. This is based on the

requirement that, under 42 CFR 1002.206 (c), a notice of a provider's exclusion due to suspension or sanctions must be published. Moreover, a provider sanctioned under 18 NYCRR part 515 is not only subject to termination. Such a provider may also be censured, and may have overpayments recovered from it. It may not apply for reenrollment for two years or a shorter period set forth in the determination. With a termination pursuant to 18 NYCRR 504.7 (a), there is no required publication. When such provider is terminated in the best interests of Medicaid pursuant to 18 NYCRR 504.7 (a), it is not exposed to the other possible sanctions which it would experience if terminated pursuant to 18 NYCRR 504.7 (b) or part 515.

As the Third Department noted in dealing with a similar case: "The termination here was made without cause under 18 NYCRR 504.7 (a) and merely ended the parties' contractual relationship. None of the stigmas resulting from a formal determination that petitioner had committed unacceptable practices attached to said termination. * * * We turn away petitioner's attempt to convert his mere expectancy to continue as a Medicaid provider into a constitutionally protected property interest by characterizing his termination as one for cause." *(Matter of Bora v New York State Dept. of Social Servs.*, 152 AD2d 10, 14.)

Further, there is no merit to petitioner's claim that 18 NYCRR 504.7 (a) is unconstitutional. The relationship here was contractual in nature and terminable by either participant without cause upon notice. The continued participation by petitioner in the program did not rise to the level of a constitutionally protected property interest. *(See, Matter of Bora v New York State Dept. of Social Servs., supra,* at 13.) Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.