■ In the Matter of ADEL AZIZ, Respondent, v CESAR PERALES, as Commissioner of Social Services of the State of New York, Appellant.—Order of the Supreme Court, New York County (Leonard N. Cohen, J.), entered December 20, 1988, which granted a CPLR article 78 petition to the extent of annulling the respondent's determination of medicaid termination, directing that petitioner be permitted to remain in the program until there is a final determination, remanding the matter for a full hearing and denying respondent's cross-motion to dismiss, unanimously reversed, on the law and the facts, and the cross-motion, dismissing the petition and reinstating the determination, is granted, without costs.

Pursuant to 18 NYCRR part 504, petitioner-physician was required to submit an application for reenrollment as a medicaid provider. That application was denied, citing various deficiencies, including overutilization of services, inadequate record keeping, inadequate medical office cleanliness and inadequate equipment maintenance. In accordance with 18 NYCRR 504.5 (b), petitioner received written notice of the denial by letter dated February 2, 1988. Petitioner timely exercised the right under 18 NYCRR 504.5 (e) to appeal the denial. By letter dated July 29, 1988, the respondent affirmed the denial and advised the petitioner that termination from the program would be effective as of August 18, 1988. The Supreme Court granted the petition to annul the determina-

tion of the Department of Social Services, finding 18 NYCRR 504.7 (b) controlling and requiring a hearing in accordance with 18 NYCRR part 515 *(see,* 18 NYCRR 515.2, 515.6 [b] [2]) because deficient or unacceptable practices are synonymous within the context of parts 504 and 515.

The regulations governing this case are found in 18 NYCRR 504.5 and 504.7 (a), encompassing denial of reenrollment in the medicaid program and not in 18 NYCRR 504.7 (b) and part 515. *(See, Matter of Barata v Perales,* 157 AD2d 623 [1st Dept 1990]; *see also, Matter of G&S Pharmacy v Perales,* 151 AD2d 668 [2d Dept 1989], *lv denied* 74 NY2d 612 [1989].) 18 NYCRR 504.5 requires written notice of the denial and gives the applicant the right to appeal the denial and receive a written determination of that appeal. Petitioner was afforded those rights. Accordingly, we reverse the determination of the IAS court. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.