■ In the Matter of RAES PHARMACY, INC., Respondent, v CESAR A. PERALES, Individually and as Commissioner of Social Services of the State of New York, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Clifford A. Scott, J.), entered on June 14, 1989, which granted the petition to annul respondent's determination to refuse to enroll petitioner as a Medicaid provider and directed that petitioner be reinstated as an authorized provider in the Medicaid Assistance program, unanimously reversed, on the law, respondent's determination reinstated and confirmed, the petition denied, and the proceeding dismissed, without costs.

Petitioner, which has been a participating provider in the Medicaid program since 1983, was required in 1987, pursuant to the enactment of 18 NYCRR 504.10 (b), to submit an application for enrollment as a provider. Pursuant to its policy of conducting on-site inspections of pharmacies which had already been established as substantial providers before the enrollment requirement was enacted, respondent inspected

petitioner's pharmacy and thereafter refused to enroll petitioner as a provider, effectively terminating its right to continue to participate in the program. Following the denial of petitioner's administrative appeal brought pursuant to 18 NYCRR 504.5 (e), petitioner commenced the instant proceeding pursuant to CPLR article 78.

Regardless of whether a Medicaid provider has already been a participating provider, it is not entitled to a hearing on an enrollment application *(Matter of Barata v Perales,* 157 AD2d 623). The record herein demonstrates that respondent's refusal to enroll petitioner was properly based on its inspection, which revealed several conditions amounting to "unacceptable practices", as defined in 18 NYCRR 515.2. Thus, its refusal to enroll petitioner was neither arbitrary nor capricious and should therefore not have been disturbed on judicial review. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222.)

We have examined petitioner's remaining contentions and find that they are without merit. Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Smith, JJ.