■ In the Matter of MOHAMMAD S. AKHTAR, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Social Services, dated July 29, 1988, which denied the petitioner's application to re-enroll as a Medicaid provider, the appeal, as limited by the appellant's brief, is from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered November 11, 1989, as, upon reargument, granted the petition, annulled the determination, and directed the reinstatement of the petitioner as an authorized Medicaid provider.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Contrary to the petitioner's claims, he has no right under 18 NYCRR part 504 to an evidentiary hearing to determine whether his application for re-enrollment in the Medicaid program was properly denied *(see, Matter of Siddiqui v Commissioner of N. Y. State Dept. of Social Servs.,* 170 AD2d 922; *Matter of Garcia v Perales,* 168 AD2d 557; *Matter of G & S Pharmacy v Perales,* 151 AD2d 668), nor does he have any due process right to such a hearing *(see, Winyard v Perales,* 161 AD2d 317; *Matter of Barata v Perales,* 157 AD2d 623; *Matter of G & S Pharmacy v Perales, supra).* In addition, we find that the determination denying the petitioner's application for re-enrollment was neither arbitrary nor capricious and the Supreme Court, giving no reasons, improperly annulled the determination. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.