■ In the Matter of ARMANDO MELENDREZ, Respondent, v CESAR A. PERALES, as Commissioner of New York State Department of Social Services, Appellant.—Order and judgment (one paper), Supreme Court, Bronx County (Barry Salman, J.), entered on or about January 6, 1989, which granted the petition annulling respondent's determination dated July 29, 1988 terminating petitioner from the Medicaid Program and denied respondent's cross-motion to dismiss the petition, unanimously reversed, on the law, respondent's determination is reinstated and confirmed and respondent's cross-motion to dismiss is granted, without costs.

Petitioner, a physician, sought to reenroll as a participating Medicaid Provider. However, by letter dated February 8, 1988, respondent notified him that his enrollment in the Medicaid Program would be terminated in thirty days based upon a Peer review of the charts of ten of his patients. This review found many deficiencies, including a failure to perform comprehensive health exams, the grossly excessive use of mood altering controlled drugs without referral for counselling or psychiatric evaluation, multiple instances of lack of vital signs diagnosis in chart entries and a failure to comment on or follow-up on abnormal test results that were dangerous to the recipients' health. The notice informed petitioner that he had a right to appeal by submitting written arguments and documentation concerning any mistake of fact upon which the determination may have been made.

In his appeal, the 72 year old petitioner claimed that he never treated one of the patients listed and that although respondent had issued a Notice of Immediate Agency Action with respect to petitioner's treatment of another patient and suspended him, the suspension was lifted after petitioner submitted a detailed explanation of his treatment of this patient. With regard to the remaining patients reviewed, petitioner alleged that the charts were incomplete because many of the patients were "transient types" of patients, who were uncooperative and refused to provide a detailed medical, social or family history or to submit to a thorough physical examination. He also claimed that he prescribed valium for these patients based on their complaints of nervousness, anxiety and sleeplessness. He added that he never prescribed more than a two week supply of valium so that he could monitor the patients' overall conditions.

In a Notice of Final Decision After Reconsideration dated July 29, 1988, respondent adhered to its determination denying petitioner reenrollment in the Medicaid Program. The

effective date of termination was to be August 12, 1988. Petitioner then sought a temporary restraining order enjoining, staying and prohibiting respondent from terminating his Medicaid Provider status. Petitioner claimed that he was denied due process of law since he was terminated from the program without a hearing and that respondent acted arbitrarily and capriciously in denying his appeal since he refuted each allegation set forth in respondent's notice. Respondent cross-moved to dismiss for failure to state a cause of action. ·

The Supreme Court determined that respondent acted arbitrarily and capriciously and in violation of petitioner's due process rights by terminating him without a hearing. We disagree.

It is clear that a Medicaid Provider denied enrollment pursuant to 18 NYCRR part 504 has neither a constitutional nor statutory right to a hearing (*Matter of Raes Pharmacy v Perales,* 170 AD2d 378; *Matter of Karanja v Perales,* 163 AD2d 264, *lv denied* 76 NY2d 715; *Matter of Celestin v Perales,* 163 AD2d 256; *Winyard v Perales,* 161 AD2d 317, *appeal dismissed* 76 NY2d 888; *Matter of Barata v Perales,* 157 AD2d 623; *and see, Matter of G&S Pharmacy v Perales,* 151 AD2d 668, *lv denied* 74 NY2d 612; *Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44). The administrative appeal provided under the NYCRR, together with judicial review pursuant to CPLR article 78, adequately afforded due process to petitioner (*Matter of Barata v Perales, supra*). The record also amply supports respondent's determination denying petitioner's application for reenrollment. (*Supra.*) Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ.