■ In the Matter of PURNIMA KOTHARI, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated July 29, 1988, which denied the petitioner's application for re-enrollment as a provider of services in the Medicaid Program, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated December 19, 1988, which annulled the determination and directed reinstatement of the petitioner as an authorized Medicaid provider.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

Medicaid providers who are denied re-enrollment pursuant to 18 NYCRR part 504 are not entitled to an evidentiary hearing pursuant to 18 NYCRR part 515 (see, Matter of Akhatr v Perales, 173 AD2d 539; Matter of G & S Pharmacy v Perales, 151 AD2d 668; Matter of Garcia v Perales, 168 AD2d 557; Matter of Winyard v Perales, 161 AD2d 317; Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44). Thus, the failure to provide the petitioner with a hearing did not deprive her of due process of law.

Moreover, we find that the determination denying the petitioner's application for re-enrollment was neither arbitrary nor capricious. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.