■ In the Matter of JORGE RIVERO, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated February 17, 1989, which terminated the petitioner's Medicaid provider status, the petitioner appeals from a judgment of the Supreme Court, Kings County (Irving S. Aronin, J.), dated April 25, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is a licensed, practicing physician who had been continuously enrolled in the New York Medicaid Program as a provider of medical services to the indigent for over 19 years. In January 1987, the respondent issued a new regulation requiring previous providers to submit an application for reenrollment upon 60 days notice (18 NYCRR 504.10). After receiving such notice, the petitioner submitted an application and shortly thereafter, the respondent conducted an on-site peer review of sample records of 10 patients. The petitioner was subsequently notified that the respondent had decided to discontinue his participation as a Medicaid provider pursuant to 18 NYCRR 504.7 (a), which provides that "[a] provider's participation in the program may be terminated by either the provider or the department upon 30 days written notice to the other without cause". The petitioner commenced the instant CPLR article 78 proceeding.

Contrary to the petitioner's contention, a participating physician in New York's Medicaid Program does not have a constitutionally-protected property right to continued participation in the program and, thus, has no right to an evidentiary hearing based on the denial of his reenrollment application *(see, Schaubman v Blum,* 49 NY2d 375, 380; *Matter of Rye Psychiatric Hosp. Ctr. v State of New York,* 177 AD2d 834; *Winyard v Perales,* 161 AD2d 317, 319; *Matter of Barata v Perales,* 157 AD2d 623, 624).

Moreover, the respondent's determination to deny the application for reenrollment was neither arbitrary nor capricious.

The opposing affidavit of Eugenia Kolesnikoff, a registered nurse, and the report of Dr. Robert Matz reviewing 10 patient charts provide specific findings relating to lack of critical information as to the patients' history, physical exam results, and billing issues *(see, Matter of Tobon v New York State Dept. of Social Servs.,* 142 Misc 2d 310, 311; *see also, Matter of G & S Pharmacy v Perales,* 151 AD2d 668, 669). The Supreme Court reviewed the petitioner's claims refuting the respondent's findings and accepted the respondent's judgment. There is no reason for this court to find otherwise.

We have considered the petitioner's remaining contention and find it to be without merit *(see, 701 Pharmacy Corp. v Perales,* 930 F2d 163, *cert denied* — US —, 116 L Ed 2d 42). Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.