■ In the Matter of HMP PHARMACY CORP., Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent. [612 NYS2d 218] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent to terminate the petitioner's participation as a Medicaid provider, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated February 18, 1992, which denied the petitioner's motion for injunctive relief and granted the respondent's cross motion to dismiss the petition.

Ordered that the order and judgment is affirmed, with costs.

An administrative agency's decision in terminating an "at will" relationship must be sustained upon review unless it is found to have been made in bad faith *(see, Matter of Rivoli v Stern,* 160 AD2d 601, 602). This applies, *inter alia,* to the "at will" contractual relationship of Medicaid providers with the New York State Department of Social Services *(see, 701 Pharmacy Corp. v Perales,* 930 F2d 163, 166; *Matter of Kothari v Perales,* 174 AD2d 621; *Matter of Akhtar v Perales,* 173 AD2d 539, 540; *Matter of Garcia v Perales,* 168 AD2d 577; *Matter of Barata v Perales,* 157 AD2d 623, 624). We agree with the Supreme Court that the petitioner has not met the requirements necessary to obtain the relief sought.

As to the petitioner's constitutional claims, it has been held that 18 NYCRR 504.7 (a) does not violate Medicaid providers' due process rights *(see, Matter of Ray Pharmacy v Perales,* 169 AD2d 633; *Matter of Bora v New York State Dept. of Social Servs.,* 152 AD2d 10). The United States Court of Appeals for the Second Circuit has held that this regulation is not violative of the equal protection or due process rights of Medicaid providers *(see, 701 Pharmacy Corp. v Perales, supra; Senape v*

*Constantino,* 936 F2d 687; *Kelly Kare v O'Rourke,* 930 F2d 170). Nor has the petitioner demonstrated "bad faith" on the part of the respondent. The specific conduct alleged in support of the notice of termination involved deficient services to Medicaid clients, which this Court has held to be a sufficient basis to deny reenrollment as a provider *(see, Matter of G&S Pharmacy v Perales,* 151 AD2d 668, 669; *accord, Matter of Barata v Perales, supra,* at 624; *Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44). Moreover, the policy established by decisional law is that the charges do not have to amount to abuse of the Medicaid program in order to justify termination *(see, 701 Pharmacy Corp. v Perales, supra; Matter of G&S Pharmacy v Perales, supra; Matter of Bezar v New York State Dept. of Social Servs., supra; accord, Matter of Karanja Pharmacy v Perales,* 163 AD2d 264; *Matter of Barata v Perales, supra).* The respondent's termination of contracts with a provider which he determined had furnished poor services was rational and was not arbitrary and capricious *(see, Matter of Medicon Diagnostic Labs. v Perales,* 74 NY2d 539, 545; *Matter of Camperlengo v Blum,* 56 NY2d 251, 255-256; *Schaubman v Blum,* 49 NY2d 375, 379). Accordingly, the Supreme Court properly refused to substitute its judgment for that of the agency in determining that termination of the petitioner's provider status was necessary.

We have considered the petitioner's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Hart and Goldstein, JJ., concur.