■ In the Matter of Zahid Khawaja, Respondent, v Gregory M. Kaladjian et al., Appellants. [615 NYS2d 720] —In a proceeding pursuant to CPLR article 78 to compel the appellants to conduct a hearing pursuant to 18 NYCRR 504.7 (b) prior to terminating the petitioner's status as a Medicaid provider, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), dated July 30, 1992, which granted the petition and denied the appellants' cross motion to dismiss.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is denied, the cross motion is granted, and the proceeding is dismissed on the merits.

A Medicaid provider does not have a constitutionally-protected property right to continued participation in the Medicaid program *(see, Matter of Rivero v Perales,* 185 AD2d 350).

The relationship between a provider and the State is contractual in nature and is terminable by either party without cause upon 30 days written notice *(see,* 18 NYCRR 504.7 [a]; *Matter of Bora v New York State Dept. of Social Servs.,* 152 AD2d 10). Since the petitioner's participation was terminated without cause pursuant to 18 NYCRR 504.7 (a), he was not entitled to a hearing *(see, Matter of Rivero v Perales, supra,* at 350; *Matter of Bora v New York State Dept. of Social Servs., supra,* at 10). The reason for the termination was not arbitrary or capricious, as the New York State Department of Social Services (hereinafter DSS) has broad discretion in administering the program to adequately protect the public interest in assuring that funds are not dispensed to untrustworthy providers *(see, Schaubman v Blum,* 49 NY2d 375, 379-380). The fact that the DSS allegedly found no evidence of wrongdoing is not determinative, because the petitioner's participation was terminated without cause.

The decision of DSS to proceed under 18 NYCRR 504.7 (a) rather than to terminate the petitioner's participation for cause pursuant to 18 NYCRR 504.7 (b) and parts 515 and 519 was not arbitrary and capricious nor made in bad faith. The DSS did not impermissibly circumvent the petitioner's right to a hearing *(see, Matter of Bora v New York State Dept. of Social Servs., supra,* at 13). Nor did the petitioner have a right to a name-clearing hearing. The petitioner was not subject to the stigma and sanctions resulting from a termination of participation for cause and did not demonstrate that DSS publicly disseminated the reason it terminated the petitioner's participation *(see, Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44, 50; *Matter of Bora v New York State Dept. of Social Servs., supra,* at 14). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.