■ In the Matter of L & T DRUG Co., INC., Appellant, v MICHAEL DOWLING, Individually and as Commissioner of NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [637 NYS2d 387] —Judgment, Supreme Court, New York County (Carol Huff, J.) entered April 3, 1995, which, in this proceeding brought pursuant to CPLR article 78, denied petitioner's application to annul respondent's determination terminating its Medicaid provider status pursuant to 18 NYCRR 504.7 (a), unanimously affirmed, without costs.

As the relationship between a Medicaid provider and respondent is an "at-will" contractual relationship terminable by either party upon thirty days notice without cause (18 NYCRR

504.7 [a]; *see, Matter of Ray Pharmacy v Perales*, 169 AD2d 633), the IAS Court properly upheld respondent's determination terminating petitioner's participation as a Medicaid provider. As respondent "has broad discretion in administering the [Medicaid] program to adequately protect the public interest in assuring that funds are not dispensed to untrustworthy providers" (*Matter of Khawaja v Kaladjian*, 207 AD2d 398, citing *Schaubman v Blum*, 49 NY2d 375, 379-380), termination resulting from petitioner's affiliation, by common ownership, with another pharmacy excluded from the Medicaid program for cause pursuant to 18 NYCRR 515.7 (d), was neither arbitrary and capricious nor made in bad faith (*see, supra*). Nor was the termination excessive or discriminatory, since a section 504.7 (a) termination was not a penalty or sanction (*see, Senape v Constantino*, 936 F2d 687 [distinguishing discontinuing a contract pursuant to section 504.7 (a) and imposing a sanction pursuant to part 515]), and petitioner may apply for re-enrollment. Concur—Sullivan, J. P., Wallach, Rubin and Tom, JJ.