■ In the Matter of HULL AVENUE PHARMACY, INC., Respondent, v GREGORY M. KALADJIAN, Individually and as Acting Social Services Commissioner of the State of New York, Appellant. [642 NYS2d 214] —Order and judgment (one paper), Supreme Court, New York County (Martin Evans, J.), entered on February 9, 1995, which *inter alia*, granted petitioner's application pursuant to CPLR article 78 to annul respondent's determination terminating petitioner's Medicaid provider status, unanimously affirmed, without costs.

The IAS Court properly annulled respondent's determination terminating petitioner's participation as a Medicaid provider as arbitrary and capricious, since the evidence failed to support the stated reason for the termination, namely, that petitioner pharmacy carried "misbranded drugs" as defined by Education Law § 6815 (2), and that such would "imminently endanger" the "public health or welfare or the health or welfare of a recipient" if petitioner's continued participation in the Medicaid program were allowed (18 NYCRR 515.7 [d]). However, even if the reasons stated for the termination were such a violation, we would find, under the established facts here, that the penalty imposed was " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." ' " (*Schaubman v Blum*, 49 NY2d 375, 379.) We have considered respondent-appellant's other contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.