(May 11, 1999)

■ In the Matter of RX 2000, INC., Appellant, v BARBARA A. DeBUONO as Commissioner of Health of the State of New York, et al., Respondents. [689 NYS2d 503] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered October 1, 1998, which denied petitioner's application brought pursuant to CPLR article 78 to annul respondents' determination to discontinue petitioner's participation as a Medicaid provider under 18 NYCRR 504.7 (a), and dismissed the proceeding, unanimously reversed, on the law, without costs, the petition granted, and the determination annulled.

Petitioner RX 2000 is a retail pharmacy rendering services to Medicaid recipients in the surrounding community. Between January 1, 1992 and December 31, 1997, petitioner filled approximately 330,000 prescriptions, of which 231,000 were covered by Medicaid. By letter dated February 3, 1998, respondents notified petitioner that its enrollment as a Medicaid provider would be discontinued pursuant to 18 NYCRR 504.7 (a) within 30 days, or on March 5, 1998. In a Summary of Factors attached to the respondents' termination

letter, respondents contended that petitioner had dispensed drugs that were not prescribed by a physician or qualified health professional. The document stated that petitioner processed 172 prescriptions over this six-year period which were later determined to be forgeries.

The IAS Court erred in upholding respondents' determination to terminate petitioner's participation in the Medicaid Program. It is well settled that the relationship between a Medicaid provider and the instant respondents is an at-will contractual relationship terminable by either party on 30 days' notice (*see*, 18 NYCRR 504.7 [a]; *Matter of L & T Drug Co. v Dowling*, 224 AD2d 193, 194). While the statute gives respondents the right to terminate without cause, such termination is subject to review under CPLR article 78 to determine if the decision was made in bad faith and therefore arbitrary and capricious (*Matter of Karanja v Perales*, 163 AD2d 264, *lv denied* 76 NY2d 715; *701 Pharmacy Corp. v Perales*, 930 F2d 163, *cert denied* 502 US 815). Here, the decision to terminate was made in bad faith. At the time of processing, the prescriptions contained all the requisite information and were duly verified by the Electronic Medicaid Eligibility Verification System, an online computer system which functions between pharmacies and the New York State Department of Social Services. The record indicates that during the time of processing, respondents were aware of the activities of a forgery ring, knew the names of the various forgers, yet made no effort at all to either notify petitioner or to warn against filling forged prescriptions bearing these names. There was no evidence of improper practices by petitioner which would warrant the penalty of terminating its provider status (*see, Matter of Hull Ave. Pharmacy v Kaladjian*, 226 AD2d 293). Further, the number of alleged forgeries was de minimis in comparison to the hundreds of thousands of valid prescriptions. Such an infinitesimal number (172 out of 330,000) does not justify the discontinuance of the pharmacy's participation in the Medicaid Program, a result which would effectively destroy petitioner's business. Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.