■ In the Matter of FARMACIA HONEYWELL, INC., Respondent, v BARBARA A. DeBUONO, as Health Commissioner of the State of New York, Appellant. [712 NYS2d 112] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered September 29, 1998, which, in a proceeding to annul respondent's determination terminating petitioner pharmacy's participation in the Medicaid program, granted the petition to the extent of remanding the matter to respondent for a hearing on the issue of cause, unanimously reversed, on the law, without costs, and respondent's cross motion to dismiss the petition granted.

Respondent's termination of petitioner's participation in the Medicaid program was made pursuant to 18 NYCRR 504.7 (a) and was, as such, an unexceptional ending of an at-will contractual relationship. Such termination afforded no basis for the IAS Court to compel an administrative hearing on the reasons stated by respondent (*Matter of Ray Pharmacy v Perales*, 169 AD2d 633) pursuant to 18 NYCRR 504.7 (a). A termination for cause (not applicable here), on the contrary, does

impose upon the provider sanctions in addition to mere termination and, as a result, would entitle it to an administrative hearing (18 NYCRR 504.7 [b]). On the other hand, with respect to terminations pursuant to 18 NYCRR 504.7 (a) (applicable here), as stated in *Matter of Karanja v Perales* (163 AD2d 264, 265, *lv denied* 76 NY2d 715): "[s]uch a provider is, however, entitled to a statement of the reasons why reenrollment is denied (18 NYCRR 504.4 [e] [2]; 504.5 [b]), and to article 78 relief if those reasons are arbitrary and capricious."

Compare *Matter of RX 2000 v DeBuono* (261 AD2d 162, 163), where the Court, in finding bad faith on the part of respondents, stated: "The record indicates that during the time of processing, respondents were aware of the activities of a forgery ring, knew the names of the various forgers, yet made no effort at all to either notify petitioner or to warn against filling forged prescriptions bearing these names."

Unlike the facts which gave rise to our decision in *Matter of RX 2000 v DeBuono (supra)*, there is no evidence herein that respondent was aware of the specific forged prescriptions filled by petitioner. In fact, here the record indicates that the 116 forged prescriptions were filled during the period from October 10, 1994 through July 22, 1996, whereas respondent's investigation did not commence until after 1997. There is, consequently, no showing that respondent's termination of the at-will relationship was for cause, or that it was other than contractual. Our review of the record persuades us that this termination was not arbitrary and capricious.

The petition is therefore dismissed. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.