■ In the Matter of MICHAEL A. BLASE, Doing Business as UNIVERSITY HEIGHTS NURSING HOME, Petitioner, v DAVID W. AXELROD, as Commissioner of Health of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to modify its Medicaid reimbursement rate.

Petitioner is a physician who operates the University Heights Nursing Home (hereinafter the Home), which is a 200-bed nursing home in Albany County. The Home's Medicaid reimbursement rates for 1983, 1984 and 1985 are based on its 1981 reported costs. A ceiling for these costs is established by the Department of Health, which averages the costs incurred by a peer group of facilities. Petitioner's costs were

above this ceiling by more than $98,000, $24,871 of which were for nonlabor costs with the remainder for labor costs.*

Petitioner filed an administrative appeal for 1983 and 1984 so that the above-ceiling costs could be allowed. Although petitioner was granted relief as to the labor costs, the above-ceiling nonlabor costs remained disallowed. After a further administrative appeal for these latter costs was denied without a hearing, petitioner commenced a CPLR article 78 proceeding in Supreme Court, which ordered a hearing to determine "petitioner's entitlement to a pass-through of petitioner's 1981 non-labor above-ceiling costs in the determination of its 1983 and 1984 Medicaid reimbursement rates". A hearing was held, after which an Administrative Law Judge (hereinafter ALJ) concluded that petitioner was not entitled to reimbursement of its above-ceiling nonlabor costs. The ALJ found that petitioner failed to rebut the presumption that the peer-group ceiling constituted an efficiency level for expenditures such that costs above that ceiling indicate inefficiency and cannot be allowed. Respondent adopted these findings and conclusions and denied petitioner's appeal. Petitioner now seeks review of respondent's determination in this CPLR article 78 proceeding.

Public Health Law § 2807 (3) requires respondent to set a reimbursement rate for nursing homes that is adequate and reasonable to cover the necessary costs of efficiently operated facilities. As part of an effective cost control system, peer grouping has been recognized (see, Matter of Jewish Mem. Hosp. v Whalen, 47 NY2d 331, 341). Therefore, respondent's construction of the statutory standard as requiring comparison of petitioner's nonlabor costs with similar costs at other facilities in its peer group is not irrational (supra). Since the costs are based on the peer-group ceiling, we cannot say it is unreasonable for a challenger to produce some comparative evidence between it and the other peer-group members (cf., Matter of Cabrini Med. Center v Axelrod, 116 AD2d 834). Here, petitioner relied solely on employee testimony of the Home's experiences and did not offer any objective comparison evidence to establish that the Home's nonlabor costs were as efficient or more efficient than the other facilities in its peer group. On this record, we find substantial evidence to support respondent's determination.

---

* There appears to be a small dispute as to the total amount of disallowed costs, but no dispute that the disallowed nonlabor costs were $24,871. Since this proceeding concerns only the nonlabor costs, we are not concerned with the small discrepancy in the total.

Next, petitioner's contention that respondent's determination was arbitrary and capricious is unpersuasive. First, peer grouping, as noted above, has been accepted as a method of determining effective cost control *(see, Matter of Jewish Mem. Hosp. v Whalen, supra,* at 341). Thus, respondent is capable of fulfilling his statutory duty by using peer-group ceilings. Second, there does not seem to be a necessary correlation between labor and nonlabor costs so that the allowance of petitioner's labor costs did not automatically require allowance as to nonlabor costs. Since petitioner has made no satisfactory showing with regard to nonlabor costs, we conclude that respondent's calculation was not arbitrary or capricious *(see, Matter of Samaritan Hosp. v Axelrod,* 107 AD2d 911, 914, *appeal dismissed* 65 NY2d 636).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.