■ In the Matter of UNIVERSITY HOSPITAL, STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER AT SYRACUSE, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.—Harvey, J.

Petitioner is a 350-bed acute care hospital located in Onondaga County. By letter dated May 30, 1984, petitioner appealed its 1984 Medicaid, Medicare and Blue Cross reimbursement rates to respondent Department of Health (hereinafter respondent) on various grounds, including a challenge to the grouping methodology used by respondent to establish the ceiling for certain of its reimbursable costs.[1] According to petitioner, its "bed size, academic intensity and patient mix make it impossible to be grouped with any other Upstate Teaching Hospital". Petitioner requested that it be treated as a specialty hospital excluded from reimbursement rate ceilings (see, 10 NYCRR 86-1.14 [a]).

Although certain of petitioner's requests were approved, respondent ultimately denied petitioner's requests concerning

---

1. As part of the methodology used in establishing reimbursement rates for hospitals such as petitioner, respondent sets a ceiling on otherwise allowable costs based on the average costs incurred by hospitals with similar cost-influencing characteristics (see, Public Health Law § 2808-c [2] [a]; 10 NYCRR 86-1.14). To determine reimbursement rate ceilings, hospitals are grouped with various other hospitals by a process called "seed clustering" (see, 10 NYCRR 86-1.13 [b]).

the grouping methodology employed and the reimbursement rate ceilings established. Respondent noted that petitioner had not shown that the variables it used to determine the cluster groups for teaching hospitals were inappropriate or that the data used to determine petitioner's status was incorrect. Respondent further noted that petitioner did not provide statistical or other data to "indicate why it is inappropriate to group public hospitals with other voluntary hospitals" and that petitioner did not meet the criteria to qualify as a specialty hospital.

By letter dated April 18, 1989, petitioner requested a hearing (see, 10 NYCRR 86-1.17 [c] [1]) on the seed cluster grouping and compensation ceilings issues. Before relaying this request, respondent re-reviewed the pertinent issues and reaffirmed the denial of the grouping and ceiling requests. Respondent did, however, approve a physician compensation appeal which had previously been denied.[2] Subsequently, upon review of the hearing request (see, 10 NYCRR 86-1.17 [c] [1]), the rate review officer determined that petitioner's appeal presented no factual issues that would warrant an administrative hearing (see, 10 NYCRR 86-1.17 [c] [2]). Notably, no administrative appeal is available from the denial of a hearing request (see, 10 NYCRR 86-1.17 [c] [2]). Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. In our view, respondent's determination denying petitioner's rate appeal was rational and supported by the record before respondent. Respondent "may only reimburse health care providers for those expenses an efficiently and economically run facility would reasonably incur (Public Health Law § 2807 [3]), not their actual, albeit necessary, expenses" (New York State Health Facilities Assn. v Axelrod, 154 AD2d 10, 13). Among the factors to be looked to in establishing routine and ancillary cost ceilings for peer groups of hospitals are case mix, service mix, patient mix, facility site, teaching activity and geographic location (10 NYCRR 86-1.13 [a]). To obtain relief from the routine and ancillary cost ceilings imposed, "a medical facility must demonstrate that its range of approved services, patient mix, case mix or other

---

2. We note that although respondent approved the physician compensation request, petitioner continues to seek relief on this issue on this appeal. However, since petitioner's request was granted and respondent concedes the point, Supreme Court properly determined that this issue is moot.

pertinent factors are direct causes for all or part of the costs in excess of the said ceilings" (10 NYCRR 86-1.17 [a] [7]). Here, petitioner principally claims that respondent's cost ceilings on reimbursement rates were irrationally based on a hospital "seed cluster group" *(see, e.g., Matter of Bassett Hosp. v Axelrod,* 156 AD2d 826). Nevertheless, although petitioner requested relief from its ceiling based on its academic and patient care intensity, bed size and patient mix, which allegedly made it impossible to be grouped with other hospitals, the record demonstrates that petitioner did not provide respondent with sufficient facts to support those claims. Accordingly, we find no basis to disturb respondent's adverse determination.

Petitioner's remaining contentions have been examined and found to be without merit. Although petitioner claims that it was improperly denied a hearing, we note that petitioner's application for a hearing does not appear to raise issues of fact as required by respondent's regulations.

Mercure, Mahoney and Casey, JJ., concur. Ordered that the resettled judgment is affirmed, without costs.

