■ In the Matter of MONTEFIORE MEDICAL CENTER et al., Appellants, v MARK R. CHASSIN, as Commissioner of Health of the State of New York, et al., Respondents. (Proceeding No. 1.) In the Matter of MOUNT SINAI HOSPITAL, Appellant, v LORNA S. MCBARNETTE, as Executive Deputy Commissioner of Health of the State of New York, et al., Respondents. (Proceeding No. 2.) [610 NYS2d 357] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Kahn, J.), entered April 5, 1993 in Albany County, which dismissed petitioners' application, in a proceeding (No. 1) pursuant to CPLR article 78, to, *inter alia,* review determinations of respondents establishing Medicaid reimbursement rates, and (2) from a judgment of said court, entered April 5, 1993 in Albany County, which dismissed petitioner's application, in a proceeding (No. 2) pursuant to CPLR article 78, to, *inter alia,* review determinations of respondents establishing Medicaid reimbursement rates.

Petitioners commenced these CPLR article 78 proceedings to challenge as irrational their inclusion in the "academic medical centers" peer group for the purpose of calculating Medicaid rates *(see,* 10 NYCRR 86-1.54 [i] [1] [i]; [2] [i]).* Supreme Court dismissed the petitions on the merits, finding that petitioners had not made a compelling showing that the grouping was irrational because the record revealed that respondent Department of Health (hereinafter DOH) properly considered appropriate cost-influencing factors before placing petitioners in the academic medical centers group. Petitioners now appeal.

---

* Academic medical centers are hospitals that have been designated by a medical school as its primary hospital affiliate. No medical school may designate more than one hospital as its primary affiliate.

We affirm. Initially, we reject the contention that, under Public Health Law § 2807-c (9) (d) and 10 NYCRR 86-1.61 (i), DOH was required to entertain petitioners' rate appeals. In direct contrast to the regulatory definition of the other hospital peer groups *(see,* 10 NYCRR 86-1.54 [i]), rather than setting forth the criteria for inclusion in the academic medical centers group, the regulations specifically name the hospitals comprising the group (10 NYCRR 86-1.54 [i] [2] [i]). Thus, petitioners' challenge is directed not to their grouping under a regulation, but to DOH's very promulgation of the regulation, an inappropriate subject of an administrative rate appeal *(see, Matter of University Hosp. v New York State Dept. of Health,* 179 AD2d 989, *lv denied* 80 NY2d 756).

We also agree with Supreme Court's conclusion that petitioners failed to satisfy their burden of making an evidentiary showing that their experiences differ from those of the other facilities in the academic medical centers group such that their classification with those hospitals is irrational *(see, Matter of Blase v Axelrod,* 146 AD2d 867; *see also, Matter of Severino v Ingraham,* 44 NY2d 763; *cf., Matter of Bassett Hosp. v Axelrod,* 156 AD2d 826). As correctly argued by respondents, petitioners have failed to show that, once neutralized by the wage equalization factor and power equalization factor *(see,* 10 NYCRR 86-1.54 [j]), there are real, significant differences in costs between the upstate and downstate hospitals in the academic medical centers peer group *(see, Matter of Field Home-Holy Comforter v Commissioner of N. Y. State Dept. of Health,* 200 AD2d 927, 929-930). Further, the record supports a finding that, in defining the group, DOH rationally weighed the statutory factors of hospital size, medical education activity and teaching status, as well as geographic divisions of the State (Public Health Law § 2807-c [7] [b]). In this connection, there was evidence that hospitals in this group generally treated patients requiring more intensive levels of care, as demonstrated by their higher case mix indices, and were unique in their education costs.

As a final matter, because the petitions sought, *inter alia,* declaratory relief, Supreme Court should have partially converted the proceedings to declaratory judgment actions and made a declaration in favor of respondents *(see, Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health,* 194 AD2d 149). We shall modify Supreme Court's judgments in that respect only.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur.

Ordered that the judgments are modified, on the law, without costs, by partially converting the proceedings to declaratory judgment actions; it is declared that petitioners have not shown 10 NYCRR 86-1.54 (i) to be invalid; and, as so modified, affirmed.