■ In the Matter of PARKER JEWISH GERIATRIC INSTITUTE, Appellant, v LORNA McBARNETTE, as Executive Deputy Commissioner of the Department of Health of the State of New York, et al., Respondents. [612 NYS2d 632] —In a proceeding pursuant to CPLR article 78 to review determinations of the respondent dated May 31, 1991, and September 30, 1991, respectively, which found that the petitioner was not entitled to exceed the cost guidelines of the Department of Health of the State of New York in seeking reimbursement for costs incurred in 1988, 1989, and 1990 for care provided to Medicaid beneficiaries through the petitioner's long-term home health-care program, the petitioner appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated June 29, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Parker Jewish Geriatric Institute (hereinafter Parker), is a 527-bed nursing home which also operates a long-term home health-care program (hereinafter LTHHCP)

located in Queens. Parker's costs for rate years 1988, 1989, and 1990 exceeded the cost guidelines described in 10 NYCRR 86-5.12. As permitted by 10 NYCRR 86-5.12 (d), Parker sought authorization from the Department of Health of the State of New York (hereinafter the DOH) to receive Medicaid reimbursement in excess of established cost guidelines for those rate years. Parker sought to justify the request by submitting data claiming that it provides "service to special populations" within the meaning of 10 NYCRR 86-5.12 (d) (5) (v), and that in comparison to the cost guidelines, a greater percentage of its patients required rehabilitation services and total or partial care in eating, bathing, and dressing. In support of this argument, Parker relied upon a 1986 study conducted by Rensselaer Polytechnic Institute and sponsored by the DOH, describing the types of patients receiving home care in New York State. The DOH countered that the Rensselaer Polytechnic Institute study was not a valid basis for comparison because Parker's patient population was different from the study's population. Invoking its experience and expertise, the DOH found that Parker's population was not dissimilar from the patient population in other LTHHCPs in Parker's downstate peer group; therefore the DOH denied Parker's requests to exceed the cost guidelines.

We find that the Supreme Court properly found that the DOH's determinations were not arbitrary and capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). When a particular reimbursement rate is challenged, the burden rests on the petitioner to produce comparative evidence concerning its costs and that of other peer group members *(see, Matter of Blase v Axelrod,* 146 AD2d 867, 868; *see also, Matter of Field Home-Holy Comforter v Commissioner of N. Y. State Dept. of Health,* 200 AD2d 927; *see generally, Matter of United Home For Aged Hebrews v Axelrod,* 201 AD2d 656). Parker has failed to show that it should have been treated differently from other LTHHCPs in its peer grouping; thus, the DOH's determinations were not arbitrary and capricious. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.