ALBERT SCHWARTZBERG et al., Doing Business as KINGS HARBOR CARE CENTER, Respondents, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Appellants.—The appeal (by permission) is from a judgment of the Supreme Court, Kings County, entered August 16, 1978, which, *inter alia,* enjoined the Commissioners of the Departments of Health and Social Services from either eliminating Kings Harbor Care Center from the Medicaid program or canceling the operating certificate of said center until such time as a hearing is held and a determination is made pursuant to section 2806 of the Public Health Law. Judgment reversed, on the law, with $50 costs and disbursements, and petition dismissed on the merits. The owners and operators of the Kings Harbor Care Center, after numerous conditional agreements, received notice from the Department of Health, Education and Welfare (HEW) that their nursing home Medicare provider agreement would not be renewed due to deficiencies in the quality of the patient care. A State Medicaid provider agreement is coterminous with a Federal Medicare provider agreement. This requirement is mandated by Federal law and has been admitted by the petitioner owners in an action entitled· *Schwartzberg & Lefkowitz v Califano,* which was commenced by them in the Southern District of New York. The petitioners also received notice from the Department of Social Services of the State of New York that their Medicaid provider agreement would not be renewed. In the instant proceeding the petitioners sought to bar State officials from terminating the Medicaid provider agreement without a hearing. They argued that they have a separate State right to Medicaid provider status, that termination of that status under the independent State duty to provide Medicaid assistance or the joint Federal-State duty is a limitation of its operating certificate, and that it is therefore entitled to a hearing prior to the termination, pursuant to section 2806 of the Public Health Law. We hold that while the State has an independent duty to provide Medicaid assistance to its residents *(Matter of Kane v Parry,* 41 NY2d 1051), that right does not attach to nursing home provider status. Medicaid exists for the benefit of people, not for the benefit

of nursing homes (cf. *Matter of Sigety v Ingraham,* 29 NY2d 110). Moreover, we hold that the termination of the petitioners' Medicaid provider status is not a limitation of their operating certificate cognizable under section 2806 of the Public Health Law. The issuance of an operating certificate does not insure Medicaid provider status. An operating certificate is merely a general license to conduct a nursing home. Separate Federal qualifications must be met for provider status. Therefore, the State's refusal to renew the Medicaid provider agreement pursuant to HEW's direction, cannot be equated with an actual limitation of the operating certificate for violations of the Public Health Law. Consequently, no hearing is required. We note that the possible success of the limitation argument, which the court in *Maxwell v Wyman* (458 F2d 1146, 1151) speculated on, has not been borne out. Thus, the petitioners' reliance thereon is misplaced. Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.