■ In the Matter of MICHAEL TENNENBAUM, Doing Business as RESORT HEALTH RELATED FACILITY, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered December 31, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Health retroactively reducing petitioner's Medicaid reimbursement rates for the years 1983 and 1984.

Petitioner operates the Resort Health Related Facility, a 280-bed residential health care facility in Queens County which participates in the joint Federal-State Medicaid program. In November 1984, the State Department of Health issued revised Medicaid reimbursement rate computation sheets for petitioner's facility for the years 1983 and 1984. The revisions were based upon downward adjustments in petitioner's trend factors for 1981 through 1984. Without seeking administrative review, petitioner commenced this CPLR article 78 proceeding challenging the retroactive rate revision. Petitioner also challenged, as a second cause of action, the calculation of the rate of reimbursement for 1985.

In lieu of answering, respondents moved to dismiss the petition on the ground that petitioner had failed to exhaust his administrative remedies. Special Term granted the motion to dismiss as to the second cause of action, and as to the first cause of action, the court noted that "[i]n bypassing the administrative route and pleading in terms of unauthorized administrative action, the petitioner abandons all factual attacks upon the administrator's determination and proceeds

solely upon the argument that the action is not legally permissible under the governing statutes and regulations". The merits of the allegation that respondent Commissioner of Health had exceeded his authority in implementing the retroactive rate revision were subsequently heard at Special Term. The court held that the rate revisions were authorized by departmental regulations and dismissed the petition. This appeal ensued.

Petitioner contends that the Commissioner is without authority to retroactively revise petitioner's Medicaid reimbursement rates to reflect the actual rate of inflation during the period in question. Although rate setting is generally prospective *(see, e.g., Matter of Cabrini Med. Center v Axelrod,* 105 AD2d 569), the authority of the Commissioner to make certain retroactive rate adjustments has been upheld *(see, e.g., Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* — US —, 106 S Ct 1971; *Tioga Nursing Home v Axelrod,* 90 AD2d 570, *affd* 60 NY2d 717). The adjustment of a prior determination is authorized by 10 NYCRR 86-2.12 (b) when such adjustment is "necessary to avoid substantial inequities". Petitioner has failed to show that the Commissioner's interpretation of this regulation as authorizing, under appropriate circumstances, the retroactive revision of trend factors data to reflect the actual rate of inflation during the reimbursement period is irrational or contrary to the statutory scheme *(cf., Matter of Memorial Hosp. v Axelrod,* 68 NY2d 958, 960). Petitioner argues that the record does not adequately indicate that the Commissioner made a determination of "substantial inequities" prior to implementing the revision of petitioner's rate. The alleged inadequacies in the record, however, are attributable to petitioner's failure to exhaust his administrative remedies. The administrative exhaustion requirement permits the administrator to review the action and develop a complete record which reflects the agency's expertise and judgment *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Since petitioner chose not to seek administrative review, he is precluded from pointing to deficiencies in the record which could have been cured through an administrative review process.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.