In the Matter of BERNARDO TOBON, Petitioner, v NEW YORK
STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.

Supreme Court, Albany County, January 25, 1989

### APPEARANCES OF COUNSEL

*Lifshutz & Polland (James M. Spector* of counsel), for peti-
tioner. *Robert Abrams, Attorney-General (Lawrence L. Doolit-
tle* of counsel), for respondent.

### OPINION OF THE COURT

EDWARD S. CONWAY, J.

In this article 78 proceeding, petitioner seeks a judgment
that: (1) the decision of respondent to terminate petitioner's
enrollment in the Medicaid program as an authorized provi-
der of medical care to Medicaid recipients be declared void; (2)
respondent be enjoined from terminating petitioner's enroll-
ment in the Medicaid program pending the court's determina-
tion of the petition; and (3) that respondent be permanently
prohibited from taking such action or, alternatively, that
petitioner be granted a full evidentiary hearing.

Petitioner is a former provider of services under the Medi-
caid program whose participation in the program was re-
viewed by the respondent Department of Social Services (here-

inafter referred to as the Department) under the provisions of 18 NYCRR 504.7. 18 NYCRR 504.7 (a) provides: "504.7. Continued enrollment termination. (a) A provider's participation in the program may be terminated by either the provider or the department upon 30 days' written notice to the other without cause."

The Department determined not to continue its contractual relationship with the petitioner after said review. Petitioner then brought the instant article 78 proceeding contending that respondent's election to terminate his participation in the program was arbitrary and capricious and unreasonable and that in excluding petitioner from the Medicaid program without just cause the Department has denied his patients the "freedom of choice" to which they are entitled under the Social Security Act.

This court does not agree with the contentions of the petitioner. As has been held by this court in a previous decision *(Kurk v New York State Dept. of Social Servs.,* Sept. 9, 1988), a Medicaid provider such as petitioner herein does not have a property interest in the expectation of continued participation or reenrollment in the program, citing *Schaubman v Blum* (49 NY2d 375) and *Schwartzberg v Whalen* (66 AD2d 881), and thus the amount of due process due petitioner is not to be determined as if a property interest was being terminated. The program participation is contractual in nature and the contract is terminable at will on 30 days' notice *(see,* 18 NYCRR 504.7). The petitioner has no vested right to continue participation in the program *(Schaubman v Blum, supra).*

Further, the respondent's determination was not arbitrary or capricious. The opposing affidavit of Ruth Cardiello and the report of Dr. Robert Matz reviewing 10 patient charts provide specific findings relating to lack of critical information as to the patient's history, physical exam results (or whether a physical exam was conducted), no indication of what brought the patient to the doctor (chief complaint), drugs prescribed without documented justification, and general inadequate care. This court, under these circumstances, cannot substitute its judgment for that of respondent *(see, Matter of Adelman v Bahou,* 85 AD2d 862 [3d Dept]).

The participation of petitioner in the Medicaid program was

terminated in the best interest of maintaining the integrity of the program and the best interests of the patients. The determination by the respondent was rational and will not be disturbed by this court.

The petition is denied.