■ In the Matter of EDEN PARK MANAGEMENT, INC., et al., Petitioners, v DAVID AXELROD, as Commissioner of the State of New York Department of Health, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioners' application for recomputation of its 1981 and 1982 Medicaid reimbursement rates.

Petitioners own and operate a residential health care facility in Dutchess County which participates in the Medicaid program. This proceeding concerns petitioners' effort to obtain reimbursement for expenses occasioned by a strike at the facility that began in 1979 and continued into 1981. In computing petitioners' 1981 Medicaid reimbursement rate, the Department of Health (hereinafter DOH) utilized a roll-over methodology whereby 1980 rates were adjusted for inflation

and certain other trend factors *(see,* 10 NYCRR former 86-2.10 [b]). As a result, petitioners' 1979 costs, including the strike expenditures, were not considered for purposes of establishing the 1981 rate. Returning to its customary methodology *(see, Matter of Basset Hosp. v Axelrod,* 127 AD2d 260, 261), DOH computed petitioners' 1982 rate on the basis of 1980 costs, subject to certain peer group ceilings that limited petitioners' recovery of strike costs to $27,157, a fraction of their actual expenditure. After petitioners' 1981 and 1982 administrative rate appeals were both denied, they commenced a CPLR article 78 proceeding in Supreme Court, which ordered a hearing to determine whether reimbursement of strike expenses was authorized under the governing regulations. Following a hearing, an Administrative Law Judge concluded that petitioners were not entitled to any further reimbursement. Respondent accepted this conclusion and denied petitioners' administrative appeal. This CPLR article 78 proceeding ensued, and has since been transferred to this court for review of respondent's determination *(see,* CPLR 7804 [g]).

We confirm. It is well established that the system of Medicaid reimbursement is premised on prospective rather than actual costs *(see, Matter of Sunrise Manor Nursing Home v Axelrod,* 135 AD2d 293, 297). For the years in issue, respondent was statutorily required to establish rates "reasonably related to the costs of efficient production" (Public Health Law § 2807 [former (3)]). Thus, the fact that petitioners reasonably incurred certain strike costs is not determinative. The question before us is whether petitioners were entitled to reimbursement under the prevailing regulations.

Emphasizing that DOH regulations do not expressly refer to recovery of strike costs, petitioners maintain that reimbursement is authorized pursuant to 10 NYCRR 86-2.17 (a). This provision essentially allows Federal Medicare regulations to govern the assessment of allowable costs where DOH regulations do not address the matter. Under the Federal methodology, strike costs are recoverable and petitioners were apparently reimbursed for the Medicare portion of their strike expenses. The argument must fail, however, for other relevant DOH regulations pertain. As indicated, the roll-over methodology for setting the 1981 rate was specifically required by 10 NYCRR former 86-2.10 (a) and (b). Since the 1979 costs were excluded by regulation and not simply as a matter of policy *(cf., Matter of Sunrise Manor Nursing Home v Axelrod, supra,* at 296), 10 NYCRR 86-2.17 (a) does not apply. We reach the same conclusion for the 1982 rate. While the regulations do

not specifically address the point, respondent acknowledges that strike expenses reasonably related to patient care are reimbursable under DOH methodology and, in fact, he included the 1980 strike costs in setting the 1982 rate. These costs, however, remained subject to certain peer group ceilings pursuant to 10 NYCRR former 86-2.11 *(see, e.g., Matter of Blase v Axelrod,* 146 AD2d 867; *Matter of Cabrini Med. Center v Axelrod,* 116 AD2d 834). Given this format, we cannot agree that the Federal Medicare standards apply.

Next, citing to 10 NYCRR 86-2.12 (b), petitioners maintain that reimbursement of strike costs is required to avoid "substantial inequity". This provision, however, speaks to a retroactive revision of trend factors to reflect the actual rate of inflation *(see, Matter of Tennenbaum v Axelrod,* 128 AD2d 968, 969). Respondent's expert testified that the regulation is unrelated to a reimbursement claim for strike expenses or to the waiver of cost ceilings. This construction of the regulation does not appear irrational *(supra,* at 969). Thus, the regulation does not accord petitioners any reimbursement relief.

Nor are we persuaded by petitioners' thesis that the strike expenditures were required by mandate and thus reimbursable pursuant to 10 NYCRR 86-2.14 (a) (3). Pursuant to 10 NYCRR 414.8, petitioners were required to have a written plan in effect to accommodate a strike. Notably, a rate revision is authorized under 10 NYCRR 86-2.14 (a) (3) where a facility incurs added costs due to "the implementation of additional programs or services specifically mandated * * * by [respondent]". Reading these provisions together, petitioners conclude that the strike costs are fully reimbursable. In rejecting this argument, respondent interpreted the latter provision as extending only to *new* services *specifically* directed by him. Reasoning that the requirement of a strike plan does not transform into a specific direction to expend funds, respondent determined that petitioners were not entitled to reimbursement. We defer to this interpretation *(see, Matter of Basset Hosp. v Axelrod,* 127 AD2d 260, 262-263, *supra).* Moreover, the record indicates that management decisions were made by petitioners relative to strike costs, a fact buttressing the conclusion that these costs were not incurred by mandate.

In the final analysis, we find that respondent has rationally construed the governing regulations as precluding further strike expense reimbursement. Accordingly, the petition should be dismissed.

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.