In the Matter of AHMET RAIF BORA, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.

Third Department, November 22, 1989

## APPEARANCES OF COUNSEL

*Jacobson & Goldberg (Susan P. Pechstein* of counsel), for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael* and *Peter G. Crary* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

Petitioner is a licensed physician practicing in New York City. Respondent is charged with administration of the State's Medicaid program which provides medical assistance to needy individuals based upon financial need through participating private practitioners and other health care providers. Petitioner applied for and received Medicaid provider status and was entitled to reimbursement for services rendered under the program. By letter dated November 2, 1988, respondent notified petitioner that it had decided that the best interest of the Medicaid program would be served by discontinuing petitioner's Medicaid provider status. Respondent stated, "[W]e are exercising our option under 18 NYCRR 504.7 (a)." However, respondent enclosed a document entitled "Summary of Factors" which provided its reasons for taking the action. Petitioner then challenged the termination in this CPLR article 78 proceeding commenced by order to show cause in Supreme Court, Suffolk County, in which he sought a temporary restraining order. The request was denied and the proceeding was transferred to Supreme Court, Albany County. Petitioner then obtained a preliminary injunction which was vacated when Supreme Court granted respondent's subsequent motion to dismiss for failure to state a cause of action.

On this appeal, petitioner presents a twofold argument. First, he contends that he has a constitutionally protected property interest in the continuation of his Medicaid provider status which cannot be terminated without a full evidentiary hearing. In support of this argument he relies on, *inter alia, Patchogue Nursing Center v Bowen* (797 F2d 1137, *cert denied* 479 US 1030) and *Case v Weinberger* (523 F2d 602). His conclusion is predicated upon the premise that because the

State's regulations contain procedural and substantive safeguards expressly limiting the reasons for termination of a provider, "[t]he only plausible inference that can be drawn from them is that a provider's participation is not terminable at the will of the state" *(Bowens v N. C. Dept. of Human Resources,* 710 F2d 1015, 1018). We cannot agree. It is beyond cavil that the State explicitly retained its right to terminate a Medicaid provider's participation without cause. Regulation 18 NYCRR 504.7 (a) authorizes termination of a provider's participation upon 30 days' written notice without cause. The written agreement between respondent and all Medicaid providers contained similarly explicit authorization to terminate if respondent deemed that termination would be in the best interest of the State, the condition being that not less than 30 days' written notice prior to the effective date of termination be given. Thus, it is clear that, by their very terms, both 18 NYCRR 504.7 (a) and the contractual agreement between respondent and petitioner contemplated a relationship that was terminable at the will of either party upon 30 days' notice.

Notwithstanding this reservation of the right to terminate, petitioner contends that he was entitled to a hearing before being deprived of his provider status, which he contends was a constitutionally protected property interest. Petitioner points to a line of Federal court cases which have upheld this position *(see, e.g., Patchogue Nursing Center v Bowen, supra; Case v Weinberger, supra; Cleveland Bd. of Educ. v Loudermill,* 470 US 532). Moreover, a number of New York cases have followed the holding in *Patchogue (e.g., Matter of Karanja v Perales,* 142 Misc 2d 109; *Matter of Okoli v New York State Dept. of Social Servs.,* 141 Misc 2d 63; *Matter of Ray Pharmacy v Perales,* Sup Ct, NY County, Mar. 28, 1989, Tyler, J.; *Winyard v Perales,* Sup Ct, NY County, Mar. 2, 1989, Baer, J.; *Trahan v Perales,* Sup Ct, NY County, Sept. 2, 1988, Baer, J.). We decline to follow these cases and instead adhere to *Board of Regents v Roth* (408 US 564), in which the United States Supreme Court held that: "Property interests, of course, are not created by the Constitution. Rather, they are created * * * by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits" *(supra,* at 577).

In *Schwartzberg v Whalen* (66 AD2d 881) the Second Department, citing to *Board of Regents v Roth (supra),* held that

the right to continuation as a Medicaid provider does not attach to a nursing home and the State may refuse to renew the Medicaid provider agreement without a hearing *(supra,* at 881-882). Thereafter the Court of Appeals, citing to *Schwartzberg,* held that "a provider of Medicaid services has no vested right to continued participation in the program; rather, such participation is a privilege which may, in proper circumstances, be revoked" *(Schaubman v Blum,* 49 NY2d 375, 380 [permanent disqualification of a registered pharmacy and a pharmacist from participation in the Medicaid program]). The progeny of *Board of Regents v Roth (supra)* includes an equally persuasive line of cases *(see, Plaza Health Labs. v Perales,* 878 F2d 577; *Murthy v Perales,* US Dist Ct, SD NY, Feb. 27, 1989, Griesa, J.; *Matter of Tobon v New York State Dept. of Social Servs.,* 142 Misc 2d 310; *Matter of Barata v Perales,* Sup Ct, NY County, Aug. 29, 1988, McCooe, J.; *Matter of I. Q. Drugs v Perales,* Sup Ct, Albany County, Aug. 25, 1988, Williams, J.; *Matter of Kurk v New York State Dept. of Social Servs.,* Sup Ct, Albany County, Aug. 19, 1988, Conway, J.).

We conclude that the relationship between the State and petitioner was contractual in nature and terminable by either party without cause. We further find that continued participation in the Medicaid program did not rise to the level of a constitutionally protected property interest *(see, Murthy v Perales, supra).* Respondent could, as Supreme Court found, terminate petitioner's status pursuant to 18 NYCRR 504.7 (a) without cause.

█ In his second argument, petitioner seeks to avail himself of the protection set forth in 18 NYCRR 504.7 (b) by alleging that his termination was grounded on respondent's finding that he was guilty of "unacceptable practices", thus entitling him to a full evidentiary hearing under 18 NYCRR parts 515 and 519. Recognizing that absolute entitlement to a hearing exists under 18 NYCRR 504.7 (b), petitioner would bootstrap the provisions of this regulation on to 18 NYCRR 504.7 (a) by arguing that the "summary of factors" enclosed in respondent's termination letter implicitly charged him with "unacceptable practices", thereby triggering his right to a hearing. Petitioner also characterizes respondent's action as arbitrary and capricious and as nothing more than an attempt to circumvent his right to a hearing. Again, we cannot agree.

The situation at bar is not substantially different from that in *S & D Maintenance Co. v Goldin* (844 F2d 962), where the

City of New York terminated a maintenance contract because of alleged misconduct under a provision stating that the city's Commissioner of Transportation " 'may at any time terminate this Contract by written notice to the Contractor' " *(supra,* at 968). The court hesitated to constitutionalize contractual interests that were not associated with any cognizable status beyond the temporary role as a government contractor *(supra,* at 967). The termination here was made without cause under 18 NYCRR 504.7 (a) and merely ended the parties' contractual relationship. None of the stigmas resulting from a formal determination that petitioner had committed unacceptable practices attached to said termination. Contrastingly, we held in *Matter of Bezar v New York State Dept. of Social Servs.* (151 AD2d 44) that termination for cause requires the finding that a Medicaid provider had engaged in unacceptable practices (18 NYCRR 504.7 [b]), a phrase defined in a fact-specific manner in the regulations (18 NYCRR 515.2 [b]). We turn away petitioner's attempt to convert his mere expectancy to continue as a Medicaid provider into a constitutionally protected property interest by characterizing his termination as one for cause.

CASEY, J. P., LEVINE, MERCURE and HARVEY, JJ., concur.

Judgment affirmed, without costs.