■ In the Matter of WATERVIEW HILLS NURSING CENTER, INC., Appellant, v DAVID AXELROD, as Commissioner of the State of New York Department of Health, et al., Respondents. —Mikoll, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered November 1, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Health denying petitioner's request for a hearing to review its Medicaid reimbursement rate for 1988.

Petitioner, a skilled nursing facility, filed an appeal to the Department of Health (hereinafter Department) for a review of its Medicaid reimbursement rate for 1988, claiming that the rate-setting methodology* impermissibly discriminated between hospitals and residential health-care facilities in that (1) the Department has failed to advance a rational basis for employing different rate reimbursement methodology for hos-

---

* The rate-setting methodology for hospital reimbursement is set forth in 10 NYCRR subpart 86-1, while the rate-setting methodology for health-care facilities is set forth in 10 NYCRR subpart 86-2.

pitals as opposed to skilled nursing facilities, (2) the Department's use of 1983 as the base year for calculating petitioner's reimbursement rate was arbitrary and capricious, and (3) the Department could have afforded petitioner relief in its discretion under 10 NYCRR 86-2.12 (b). In making its appeal, petitioner alleged an *anticipated 25% increase* in nursing costs in 1988. Consequently, petitioner stated that it was having difficulty in hiring nurses because it could not compete with hospitals which were receiving a higher reimbursement rate and able to pay their nurses more. After the rate appeal was denied, petitioner requested an administrative hearing. The Department found that, because the issue presented was one of law and not fact, petitioner was not entitled to a hearing.

Petitioner thereafter commenced this proceeding to challenge the denial of a hearing and the rejection of its application for a revision of its Medicaid reimbursement rate. The petition contained no substantiation that other health-care facilities are being treated differently other than an allegation "on information and belief" from petitioner's counsel that such was the case. Respondents asserted in their answer that the petition should be dismissed because petitioner failed to assert a ground for review as required by the regulations (10 NYCRR 86-2.14 [a] [1-7]) and on the further ground that no dispute of fact existed warranting a departmental hearing. Supreme Court dismissed the proceeding finding that petitioner failed to demonstrate how the Department acted arbitrarily or capriciously in declining to review petitioner's Medicaid reimbursement rate for 1988. This appeal ensued.

We affirm. A challenge to rate making methodology requires a " 'compelling showing of unreasonableness' " *(Matter of Society of N. Y. Hosp. v Axelrod,* 116 AD2d 426, 430, *mod* 70 NY2d 467, quoting *Matter of Samaritan Hosp. v Axelrod,* 107 AD2d 911, 914, *appeal dismissed* 65 NY2d 636). Petitioner challenges the rationality of 10 NYCRR 86-2.14 itself rather than its application. However, its contention that hospitals and health-care facilities should be subject to the same methodologies in arriving at cost reimbursements for nursing care is based on nothing but unsupported assertions. The record fails to support petitioner's contention that the Department has no rational basis for treating the two types of facilities differently. Because the record reflects that the two facilities are different in character and the Department has historically regulated them separately *(compare,* 10 NYCRR subpart 86-1, *with* 10 NYCRR subpart 86-2), there is a rational basis for treating them differently.

As to the use of 1983 as the base year, there is no evidence in the record that petitioner raised this issue in its administrative appeal or in Supreme Court; thus, this issue has not been preserved for review *(see, Matter of Silver Lake Nursing Home v Axelrod,* 156 AD2d 789, 791). Finally, as to the relief petitioner sought under 10 NYCRR 86-2.12 (b), this regulation permits respondent Commissioner of Health to make retroactive revision of the trend factor to reflect the actual rate of inflation. It does not include cost specific claims such as are found in the instant petition seeking reimbursement for anticipated additional nursing costs *(see, Matter of Tennenbaum v Axelrod,* 128 AD2d 968, 969).

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.