■ In the Matter of SHAHID SIDDIQUI, Petitioner, v COMMISSIONER, NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* permanently disqualified petitioner from participation in the Medicaid program.

Petitioner, a Medicaid provider, is a board-certified internist licensed to practice medicine in this State. Approximately 60% of his patients are Medicaid/Medicare eligible. In 1984, the Department of Social Services (hereinafter DSS) notified petitioner that it was suspending payments for pending and subsequently incurred Medicaid claims based on its determination that petitioner engaged in five specified unacceptable

practices as defined in 18 NYCRR 515.2. The notice further indicated that after projecting the results from an audit conducted on a random sample of 100 cases onto the entire 2,716 cases for which petitioner had received payment during 1980 to 1982, $225,805.79 would be disallowed due to various improper practices. Thereafter, DSS disqualified petitioner from participating in the Medicaid program and restitution was sought by respondent.

An administrative hearing, which extended from April 1985 to May 1989, was held during the course of which a settlement was reached regarding all monetary claims made by DSS against petitioner arising out of the 1980 to 1982 audit period. Pursuant to the stipulation, the monetary claims were settled without prejudice to the quality of care and disqualification issues which had yet to be decided by the Administrative Law Judge (hereinafter ALJ). At the hearing's conclusion, the ALJ affirmed the determination of DSS that petitioner had engaged in unacceptable practices, including: keeping illegible patient medical records and charts which did not disclose fully the extent of care and services provided; providing inadequate historical and physical examination findings of his patients; and scheduling excessive follow-up visits. Petitioner was permanently disqualified from participating as a Medicaid provider. This proceeding by petitioner followed. We confirm.

The contention that DSS impermissibly extrapolated from the random sample to sustain the charges involving unacceptable medical practices is untenable. Review of the administrative decision makes clear that the ALJ based his determination on specific patient records which justified the quality of care specifications. The short answer to petitioner's claim is that the extrapolated audit of his billing practices was separate and distinct from the review undertaken to determine the sufficiency of certain of petitioner's medical records, which were indeed actually examined and critiqued by peer review doctors called to testify by DSS. In fact, 38 patients' records were examined.

As for petitioner's assertion that his Medicaid provider status is a vested property right, the loss of which requires a predeprivation hearing, this argument has been repeatedly and explicitly rejected by the tribunals of this State (see, e.g., Schaubman v Blum, 49 NY2d 375, 380; Matter of Bora v New York State Dept. of Social Servs., 152 AD2d 10, 12-13; Matter of Siddiqui v New York State Dept. of Social Servs., 116 AD2d 909, 911; Schwartzberg v Whalen, 66 AD2d 881; see also, Plaza

*Health Labs. v Perales,* 878 F2d 577, 582; *Murthy v Perales,* US Dist Ct, SD NY, Feb. 27, 1989, Griesa, J.; *but see, Matter of Medicon Diagnostic Labs. v Perales,* 74 NY2d 539, 542). And, the case of *Wilder v Virginia Hosp. Assn.* (496 US —, 110 S Ct 2510 [holding that the Boren Amendment imposes a binding obligation on states to adopt reasonable rates, which obligation is enforceable under 42 USC § 1983]) compels no different result.

Lastly, we note that although the disqualification penalty is referred to as being permanent, petitioner can reapply for reinstatement after two years. Given the pervasiveness of the recordkeeping violation, the penalty was not, in our view, so unfair as to shock one's conscience *(see, Matter of Camperlengo v Perales,* 120 AD2d 883, 884, *lv denied* 68 NY2d 606).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.