■ In the Matter of MEDICON DIAGNOSTIC LABORATORIES, INC., Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to, *inter alia,* review a determination of respondent which excluded petitioner from participating in the Medicaid program for a period of two years.

Petitioner, a clinical laboratory licensed by the Department of Health to provide services in New York City, participates in the Medicaid program. The Department of Social Services (hereinafter DSS) audited petitioner's Medicaid billings for the period January 1, 1986 through February 29, 1988 by using a sample of 109 out of a total of 13,939 cases for the audit period. In 35 of the sampled cases, investigation disclosed that petitioner's services had not been ordered by a licensed physician, in violation of 10 NYCRR 58-1.7 (b), resulting in an overpayment of $11,301.20 in the sampled cases and, by extrapolation, a total of $1,022,182 in all cases. Following a hearing, DSS ultimately excluded petitioner from the Medicaid program for a period of two years and required recoupment of $590,667 in unauthorized Medicaid payments, a determination challenged by petitioner in this CPLR article 78 proceeding.

Initially, we reject petitioner's primary contention that, because petitioner had adequate records available for review by the auditor, DSS erred in calculating the overpayment by means of the statistical sampling method. The decision of the Court of Appeals in *Matter of Mercy Hosp. v New York State Dept. of Social Servs.* (79 NY2d 197) compels a contrary conclusion.

Petitioner next contends that it was prejudiced by DSS' notice of proposed agency action, which alleged petitioner's violation of regulations which were not yet effective at the time of commission of the acts charged. We disagree. The factual portion of the notice alleged that petitioner had charged Medicaid for laboratory tests which were not ordered by a licensed physician. This allegation supported a finding of unacceptable practice under the cited regulations as they existed both before and after the May 1988 amendments *(compare,* 18 NYCRR former 515.2 [a], [b] [2], *with* 18 NYCRR 515.2 [a], [b] [2]) and provided petitioner with notice sufficient to allow it to adequately prepare and present a defense to the charges *(see,* State Administrative Procedure Act § 301 [2]; *Matter of Block v Ambach,* 73 NY2d 323, 332; *Matter of Diamond Term. Corp. v New York State Dept. of Taxation & Fin.,* 158 AD2d 38, 41, *lv denied* 76 NY2d 711).

Similarly meritless is the claim that petitioner was prejudiced by the fact that one of respondent's designees presided over the administrative hearing and another issued the written decision following the hearing. Social Services Law § 22 (2) permits respondent to "designate and authorize one or more appropriate members of his staff to consider and decide * * *

appeals" *(see,* 18 NYCRR 519.15 [Hearing Officer], 519.22 [decision after hearing]). In the absence of a showing that the determination was not "based exclusively on the record and testimony introduced at the hearing" (18 NYCRR 519.22 [a]), we perceive no prejudice. Further, the record discloses that the Hearing Officer prepared and forwarded handwritten findings of fact to the designee who prepared the written decision, thereby sufficiently complying with the requirements of 18 NYCRR 519.15 (e). In view of the fact that the individual designated to make the written decision is the ultimate determiner of all relevant issues, including penalty *(see,* 18 NYCRR 519.22 [b]), the Hearing Officer's failure to prepare a written recommendation does not require annulment of respondent's determination *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388).

Petitioner's remaining contentions, including the challenge to the sufficiency of the evidence, have been considered and rejected.

Crew III, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.