■ In the Matter of LIBERTY TESTING LABORATORY, INC., Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent.—Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered January 24, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Department of Social Services terminating petitioner from participation in the Medicaid program.

Petitioner, a certified clinical laboratory in Kings County and a Medicaid provider since 1984, entered into a stock purchase and sale agreement (hereinafter the agreement) on January 11, 1990 through its sole stockholder, Lucia Madrid, with Frank Huerta, Jr. and Jose Vasquez. The agreement provided for, inter alia, the transfer of 78% of petitioner's stock to Huerta and 22% of petitioner's stock to Vasquez, with 50% of petitioner's stock to be transferred to Huerta on April 11, 1990. By letter dated January 30, 1990, Madrid's attorney informed the State Department of Social Services (hereinafter DSS) of the pending stock sale agreement and that the sale "will not be finally closed until certain contingencies are met,

including the approval by Medicaid of the new ownership interests". The letter further stated that it was "imperative that these contingencies be met within a certain time under the terms of the * * * [a]greement" and requested a response within 30 days. DSS then forwarded Medicaid provider change of ownership enrollment forms (hereinafter the change forms) to Madrid's attorney. The change forms were completed and returned to DSS with a letter advising DSS that Huerta and Vasquez interpreted DSS' failure to reply to Madrid's request for a response within the 30 days as constructive approval of the new ownership. About three weeks thereafter DSS requested that Huerta and Vasquez complete another form which was not included with the previously completed change forms.

DSS notified petitioner by letter dated April 24, 1990 that its Medicaid provider status was retroactively terminated as of April 11, 1990. This termination date was later changed to May 2, 1990. Petitioner commenced the instant CPLR article 78 proceeding seeking annulment of the termination of petitioner's Medicaid provider status. Supreme Court ruled that petitioner's notice of termination was defective but that such defect was de minimis and without prejudice to petitioner's rights. Judgment was entered dismissing the petition and this appeal ensued.

The judgment of Supreme Court dismissing the petition should be affirmed. Respondent's first contention, that DSS' determination to terminate petitioner's Medicaid provider status was arbitrary and capricious and made in violation of lawful procedure, is without merit. A Medicaid provider does not have a constitutional right of continued enrollment in the Medicaid program (see, Matter of Barata v Perales, 157 AD2d 623, 624; Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44, 49). And, 18 NYCRR 504.7 (a) states that a provider's participation in the Medicaid program "may be terminated by either the provider or [DSS] upon 30 days' written notice to the other without cause" (see, Matter of Bora v New York State Dept. of Social Servs., 152 AD2d 10, 13).

Petitioner was notified that its Medicaid provider status was terminated because of petitioner's change in ownership by notice dated April 24, 1990, which was effective retroactively as of April 11, 1990, the date DSS was advised the ownership transfer occurred. This defect was not of any significance because, upon learning that the actual date of ownership transfer was May 2, 1990, DSS corrected the effective date of

the notice of termination to be May 2, 1990. The notice of termination was therefor in conformity with DSS' regulations.

Petitioner's claim that DSS' termination actions were made in bad faith and with bias against Huerta is not before this Court, as the evidence petitioner relies upon to support this contention relates to the denial of petitioner's application for reenrollment as a Medicaid provider, an event distinct from and subsequent to the termination on change of ownership grounds. The instant appeal is not from the later denial of the reenrollment application.

Petitioner's argument that the notice terminating its status as a Medicaid provider was inadequate and deprived it of procedural due process is rejected. The notice was sufficient to permit petitioner "to adequately prepare and present a defense to the charges" *(Matter of Medicon Diagnostic Labs. v Perales,* 182 AD2d 1033, 1034). Additionally, the applicable regulations do not provide that a provider terminated on change of ownership grounds be granted a predetermination hearing *(see,* 18 NYCRR 504.7 [f]; *see also, Matter of Bora v New York State Dept. of Social Servs., supra,* at 12-13; *but compare,* 18 NYCRR parts 519, 515).

Petitioner's argument that the termination notice was procedurally defective because it failed to advise of the new enrollment application requirement of 18 NYCRR 504.7 (f) is also rejected. This failure was de minimis because petitioner did in fact submit an application for new enrollment to DSS before being terminated from the Medicaid program.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.