■ In the Matter of CONTINENTAL LABORATORY, INC., Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* excluded petitioner from participating in the Medicaid program for two years.

Petitioner, a clinical laboratory licensed by the Department of Health to provide services in New York City, participates in the Medicaid program. The Department of Social Services (hereinafter DSS) audited petitioner's Medicaid billings for the period January 1, 1986 through February 29, 1988 by using a sample of 150 out of a total of 5,857 cases for the audit period. In 96 of the sampled cases, investigation disclosed that petitioner's services had not been ordered by a licensed physician or other qualified professional, in violation of 10 NYCRR 58-

1.7 (b), resulting in an overpayment of $11,678 in the sampled cases and, by extrapolation, a total of $443,382 in all cases. Following a hearing, DSS ultimately excluded petitioner from the Medicaid program for a period of two years and required recoupment of $281,382, a determination challenged by petitioner in this CPLR article 78 proceeding.

We reject petitioner's challenges to the audit methodology employed by DSS. Simply stated, the procedure was for DSS to (1) extract sample cases from its Medicaid payment files for the audit period, (2) obtain from petitioner the laboratory orders corresponding to the sample cases, and (3) contact the ordering physicians to ascertain the authenticity of the order. Petitioner was found to have violated 10 NYCRR 58-1.7 (b) in each case where the laboratory order was unsigned or the purported ordering physician indicated that the signature was not genuine, the patient was unknown, the test had not been ordered or the physician did no business with petitioner. Petitioner's self-serving and conclusory allegations as to the unreliability of the physicians' statements are entitled to no consideration. Further, the fact that the statements were unsworn and constituted hearsay is of no moment *(see, Matter of Gray v Adduci,* 73 NY2d 741, 742). As to respondent's failure to produce the physicians to testify at the hearing, we need merely note that petitioner had the burden of proof *(see,* 18 NYCRR 519.18 [d]) and was entitled to but made a conscious choice not to subpoena them to testify on its behalf *(see, Matter of Gray v Adduci, supra,* at 743; *Matter of Harry's Chenango Wine & Liq. v State Liq. Auth.,* 158 AD2d 804, 805-806). In our view, the statements provided substantial evidence for respondent's determination that petitioner engaged in inappropriate conduct *(see, Matter of Gray v Adduci, supra; Matter of Medicon Diagnostic Labs. v Perales,* 182 AD2d 1033).

Petitioner's remaining contentions are lacking in merit, were considered and rejected by this Court in *Matter of Medicon Diagnostic Labs. v Perales (supra)* or have not been preserved for our consideration *(see, Matter of Waterview Hills Nursing Ctr. v Axelrod,* 170 AD2d 785, 787).

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.