■ In the Matter of CLIN PATH, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [598 NYS2d 583] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which, inter alia, found petitioner guilty of committing unacceptable practices involving the Medicaid program for two years.

Petitioner, a clinical laboratory located in New Jersey and licensed in several States including New York, was a participant in New York's "Medical Assistance for Needy Persons" program (hereinafter Medicaid). On February 20, 1991, respondent State Department of Social Services (hereinafter DSS) commenced a review of petitioner pursuant to 18 NYCRR part 517 (referred to as an "audit") covering the period of June 1988 to August 1990 by examining various files maintained by

petitioner, interviews with its employees, an inspection and review of requested documents, all for the purpose of determining the "authenticity and propriety of claims made to Medicaid" by petitioner and to determine whether reimbursement was required because of improper billing for services rendered. The audit was performed by examining in detail a sampling of petitioner's records, which included order forms and charts of exactly 100 randomly selected Medicaid patients served during the audit period.

Following the audit, DSS concluded that petitioner had committed unacceptable practices under applicable regulations and other violations resulting in a determination by DSS to exclude petitioner as a provider in the Medicaid program for a period of two years and to require repayment of $432,044.38 plus interest in alleged overpayments. Consideration of petitioner's filed objections (18 NYCRR 517.5 [c]) resulted in a reduction by DSS in the amount to be repaid. In September 1991, following a hearing, an Administrative Law Judge (hereinafter ALJ) annulled some 140 of DSS' findings and upheld others, and ordered that the fine be recomputed which resulted in further reduction of the repayment to $234,563.38. Petitioner then commenced this CPLR article 78 proceeding to annul the determination alleging, *inter alia,* that it was not supported by substantial evidence, that petitioner was deprived of due process, that DSS misconstrued some regulations and that others were void as irrational. Respondents answered and, pursuant to CPLR 7804 (g), Supreme Court transferred the proceeding to this Court.

Initially, we reject petitioner's argument that the sampling methodology employed by DSS was fatally flawed and mathematically invalid. The authority for DSS to conduct Medicaid audits based upon statistical sampling has now been found implicit in the general grant of authority to supervise the administration of the Medicaid program in this State *(Matter of Mercy Hosp. v New York State Dept. of Social Servs.,* 79 NY2d 197, 207; *see, Matter of Continental Lab. v Perales,* 188 AD2d 767, 768; *Matter of Medicon Diagnostic Labs. v Perales,* 182 AD2d 1033, 1034). We reject petitioner's extended arguments that the accuracy of the audit method was discredited by the opinion of its expert witness, who stated that a sampling of 1,300 to 1,400 cases was necessary to get "accurate" results and that 2,400 cases were needed to get results suitable for legal proceedings. Our courts have upheld the validity of audits based on a much smaller sampling of cases *(see, Matter of Mercy Hosp. v New York State Dept. of Social Servs.,*

*supra),* even as few as 109 out of 13,939 *(Matter of Medicon Diagnostic Labs. v Perales, supra).* There is adequate regulatory authority to make a statistical projection from the sample audit (18 NYCRR 519.18 [g]). The validity of the subject audit was confirmed by respondents' witness, a college professor with expertise in applied statistics. Although petitioner introduced conflicting testimony, resolution of such remained within the province of the ALJ *(see, Matter of Block v Ambach,* 73 NY2d 323, 335).

We similarly reject petitioner's claims that the determination was not supported by substantial evidence. Examination of the record reflects testimony and exhibits offered by the auditors describing in detail their investigation and findings. The evidence demonstrated multiple violations of applicable regulations which constituted numerous unacceptable practices of, *inter alia,* billing, record keeping, performance of unordered tests or those ordered by unlicensed physicians, inadequate test reporting, improper test procedures, employment of improperly certified technicians and payment of commissions to salespersons for business brought to petitioner. The quantum of evidence to support the determination of the ALJ was substantial and a reasonable mind could accept the testimony and exhibits "as 'adequate to support a conclusion or ultimate fact' " *(Matter of Gray v Adduci,* 73 NY2d 741, 743, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Credibility is a matter for resolution by the Hearing Officer and judicial review of that determination is limited to the question of whether there is substantial evidence in the record to support that determination *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444), a finding we have already made.

Nor do we find merit in petitioner's argument that respondents misinterpreted rules and regulations or were irrational, arbitrary and capricious in the application of regulations. Our examination discloses that the unacceptable practices of which petitioner was found guilty were clearly proscribed by specific regulations and that the evidence supporting those charges was sufficient to support the findings *(see, Matter of Johnson v Joy,* 48 NY2d 689, 691; *see also, Matter of Medicon Diagnostic Labs. v Perales,* 74 NY2d 539, 545). That the ALJ rejected certain charges, finding that they were not proscribed by regulation or were unsupported by sufficient evidence, exhibits the thoroughness and the rationality with which he made his determination. We find equally unpersuasive petitioner's due

process arguments. Medicaid providers have no vested property interest in the program *(see, Matter of Liberty Testing Lab. v Perales,* 188 AD2d 762, 763; *Matter of Siddiqui v Commissioner, N. Y. State Dept. of Social Servs.,* 170 AD2d 922, 923, *appeal dismissed* 77 NY2d 989).

Finally, we find the penalty neither shocking to our sense of fairness *(see, Schaubman v Blum,* 49 NY2d 375) nor disproportionate to the offenses *(see, Matter of Koh v Perales,* 173 AD2d 477, *lv denied* 78 NY2d 859). Counsel stated that petitioner reputedly is a "10-plus million-dollar laboratory that does around a million dollars in Medicaid". It is unlikely that a two-year suspension will result in its bankruptcy. We decline to disturb the sanction imposed *(see, Matter of Continental Lab. v Perales,* 188 AD2d 767, *supra; Matter of Medicon Diagnostic Labs. v Perales,* 182 AD2d 1033, 1044, *supra; Matter of Siddiqui v Commissioner, N. Y. State Dept. of Social Servs., supra,* at 924).

Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.