■ STATE OF NEW YORK, Appellant, v KHWAJA M. KHAN, Respondent. [615 NYS2d 771] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Travers, J.), entered May 12, 1993 in Albany County, which, inter alia, denied plaintiff's motion to dismiss the fifth and sixth affirmative defenses in defendant's answer.

Defendant, a physician, was a participating provider in New York's Medicaid program during 1988 and most of 1989. After

conducting an audit of defendant's records, the Department of Social Services (hereinafter DSS), in December 1989, issued a final audit report excluding defendant from participation in the program for five years. Defendant was found liable for repayment of $294,729, plus interest, the amount found to have been previously paid for services, provided by defendant or by others in accordance with his orders, that were determined to have been medically unnecessary or without proper documentary support. Defendant requested a hearing to rebut DSS' findings; when the hearing was held, defendant—who claims that he was never notified of the date and time of the hearing, which was twice adjourned—did not appear.

Plaintiff thereafter brought this action to recover the remaining $284,573 allegedly owed by defendant* and, after his motion to dismiss the complaint was denied, defendant answered and counterclaimed. Plaintiff's appeal brings up for review the propriety of Supreme Court's denial of plaintiff's motion to dismiss defendant's fifth and sixth affirmative defenses.

Both defenses should be dismissed. As a fifth affirmative defense, defendant claims that DSS' use of a statistical sampling method, whereby it examined 200 cases and extrapolated the results to determine the total amount improperly paid out under the program for services billed or ordered by defendant during the audit period, is invalid as a matter of law in that it is arbitrary, capricious, illegal, and violates defendant's constitutional right to due process and equal protection. To the extent that this defense is intended as a challenge to the use of statistical sampling in general, or to its use in a situation where all of the provider's records could have been reviewed, it is, as noted by Supreme Court, meritless (see, Matter of Mercy Hosp. v New York State Dept. of Social Servs., 79 NY2d 197, 203-206; Matter of Clin Path v New York State Dept. of Social Servs., 193 AD2d 1034, 1035-1036). And, insofar as this defense is intended as a challenge to the particular calculations or formulae employed by DSS in this case, it represents an improper collateral attack upon the underlying administrative determination; to the extent defendant argues that the determination is invalid because he was not afforded a proper hearing, those issues are preserved by his second affirmative defense.

In his sixth affirmative defense, defendant contends that

---

* Plaintiff recouped approximately $10,000 by withholding payments still due defendant under the program.

plaintiff's attempt to recover from him amounts which were actually paid to other providers, and more particularly sums that exceed the total amount defendant received under the program, is arbitrary and capricious. That defense should be dismissed as well, for DSS is vested with broad authority to administer the Medicaid program and to fashion administrative policies to protect the public funds with which it is entrusted *(see, Schaubman v Blum,* 49 NY2d 375, 379-380). With this goal in mind, it cannot be said that it is irrational to place fiscal responsibility upon the ordering physician, who, having primary control over the course of treatment and the requisite medical knowledge, is in the best position to avoid the misuse of public funds for unnecessary tests and procedures *(see also, Matter of Tobon v Bane,* 192 AD2d 851, 854). Moreover, upon enrolling as a Medicaid provider, defendant agreed to abide by all pertinent regulations *(see,* 18 NYCRR 504.3 [i]); he may not now claim that he was unaware, until May 1989, of a regulation duly promulgated and published in June 1988, which explicitly made him liable for the sums at issue here *(see,* 18 NYCRR 518.3 [b]).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion seeking dismissal of the answer's fifth and sixth affirmative defenses; motion granted to that extent and said affirmative defenses are dismissed, and, as so modified, affirmed.