■ In the Matter of Loretta Langhorne, Petitioner, v Norwood E. Jackson, as Commissioner of the Department of Correction of the County of Westchester, et al., Respondents. [623 NYS2d 962] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondents which terminated petitioner's employment.

When this CPLR article 78 proceeding was previously before us (206 AD2d 666), we withheld decision and remitted the matter to respondents for development of appropriate findings supporting the determination to terminate petitioner's employment. Now that the requisite findings have been made, we shall proceed to consider the issues raised by petitioner.

In July 1991, disciplinary charges were preferred against petitioner who was employed by respondent County of Westchester at its correctional facility. Specification 5 of the charges alleged that petitioner "physically attacked [her supervisor]; i.e., you hit and choked her", while specification 6 alleged that petitioner verbally yelled at her supervisor, using obscene language. In his further report upon remittal, the Hearing Officer found petitioner guilty of the aforementioned specifications and recommended that her employment be terminated. Upon receipt of this report, respondent Westchester

County Commissioner of Correction (hereinafter the Commissioner) on December 29, 1994 reaffirmed his determination to terminate petitioner's employment.

Initially, because the record shows that the Hearing Officer submitted his report on all aspects of this matter along with the transcripts of the hearing to the Commissioner, we reject petitioner's argument that the Commissioner's December 1994 determination was arbitrary (see, Matter of Wiggins v Board of Educ., 60 NY2d 385, 388).

Petitioner claims that the Hearing Officer ignored the written charges and found petitioner guilty of conduct different from that contained in specification 5. It is well established that in the administrative forum, the charges need only be reasonably specific to allow the party charged to prepare an adequate defense and that the determination must be based on the charges made (see, Matter of Block v Ambach, 73 NY2d 323, 333; Matter of Matala v Board of Regents, 183 AD2d 953).

With respect to specification 5, the Hearing Officer found that petitioner physically assaulted her supervisor and concluded that "the nature and degree of the assault and injury is not as important as the fact that it took place at all". Petitioner asserts that this determination is not based on the charge since the Hearing Officer did not find that she hit and choked her supervisor. We disagree, as we find that the determination is well within the ambit of the reasonably specific charge that petitioner "physically attacked" her supervisor (compare, Matter of Murray v Murphy, 24 NY2d 150, 157).

Petitioner further argues that the determination is not supported by substantial evidence. While petitioner's recollection of the subject incident differs from that of respondents' witnesses, we may not consider the record from petitioner's perspective since the resolution of credibility issues is solely within the province of the Hearing Officer (see, Matter of Clin Path v New York State Dept. of Social Servs., 193 AD2d 1034, 1036). Our examination of the testimony found credible by the Hearing Officer shows that petitioner's supervisor stated that petitioner "grabbed my neck and hit me" and called her a bitch. The supervisor's testimony was corroborated by an eyewitness who also indicated that petitioner told her supervisor that she was "gonna f___ you up". Such testimony constitutes substantial evidence since it is relevant proof that a reasonable mind would accept to support the conclusion that petitioner was guilty of specifications 5 and 6 (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443).

We reject petitioner's argument that the penalty imposed against her is inappropriate since the dismissal of an employee who physically attacks a fellow employee is not shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Finally, petitioner's claim for reinstatement, back pay and benefits lacks merit because we did not annul respondents' original determination, as was the case in *Wind v Green* (78 AD2d 695) upon which she relies.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.