11-4067-cv
*Prendergast v. Analog Modules, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November two thousand twelve.

PRESENT:  DEBRA ANN LIVINGSTON,
                    RAYMOND J. LOHIER, JR.,
                                    *Circuit Judges*,
                    DONALD C. POGUE,
                                    *Chief Judge of the United States Court of International Trade.*\*

---

RYAN PRENDERGAST,
                    *Plaintiff-Appellant*

   -v.-                                                     No. 11-4067-cv

ANALOG MODULES, INC.,
                    *Defendant-Appellee*

---

DAVID J. DETOFFOL, Akin & Smith, LLC, New York, NY, *for Plaintiff-Appellant*.

BRIAN T. STAPLETON (Brendan T. Fitzpatrick *on the brief*), Goldberg Segalla LLP, White Plains, NY, *for Defendant-Appellee*.

---

\* The Honorable Donald C. Pogue, Chief Judge of the United States Court of International Trade, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered September 7, 2011 is **AFFIRMED**.

Plaintiff-Appellant Ryan Prendergast ("Prendergast") appeals from a judgment of the United States District Court for the Southern District of New York (Pauley III, *J.*), entered September 7, 2011, granting summary judgment to Defendant-Appellee Analog Modules, Inc. ("AMI") and dismissing Prendergast's products liability and negligence claims under New York law. We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

Prendergast first contends that the district court erred in applying the strict products liability standard for design defects. Under New York law, a plaintiff establishes a prima facie case of products liability for a design defect by showing that "the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury." *Voss v. Black & Decker Mfg. Co.*, 450 N.E.2d 204, 208 (N.Y. 1983). "The plaintiff bears the burden of presenting evidence that the product, as designed, posed a substantial likelihood of harm and feasibly could have been designed more safely." *Fane v. Zimmer*, 927 F.2d 124, 128 (2d Cir. 1991) (citing *Voss*, 450 N.E.2d at 208).

Prendergast failed to adduce sufficient evidence so that a reasonable jury could conclude that that the BNC connections on the coaxial cables provided by AMI presented a substantial likelihood

of harm. First, even drawing all inferences in his favor, Prendergast failed to provide evidence sufficient to support the conclusion that the BNC connectors were even likely the source of his injury. Second, assuming *arguendo* that the likely source of Prendergast's shock was the BNC pin, Prendergast failed to provide evidence to establish whether the shock originated from the BNC pin contacting his body, a non-insulated Allen wrench that he was using, or a protruding metal component on the laser cabinet. Third, Prendergast offered no evidence to demonstrate that the BNC pin as designed posed a substantial likelihood of harm. His expert Dr. Smith never expressly asserted that the cable was defectively designed, nor did Prendergast identify any industry standards that the BNC connectors failed to meet.

Prendergast also failed to demonstrate that an alternative, safer design exists for the BNC connectors. Prendergast focuses on the proposed "insulative cover" that a machine technician could place over the BNC connector end to "guard against unleashing the type of electric charge that shocked Mr. Prendergast." Appellant Appendix 61. However, Prendergast's engineering expert Dr. Smith admitted that the lack of the insulative cover was not the "proximate cause" of Prendergast's injury, and that even with such an insulative cover a technician would still need to properly discharge the capacitor – a step that Prendergast failed to undertake. Moreover, Dr. Aucoin, AMI's expert, found without contradiction in the record that installing these connectors may "more directly expose[] a technician to the center pin of a connector," which would potentially make these covers more dangerous rather than a safer alternative design to the existing BNC connector. Appellant Appendix 73. Because Prendergast can show neither that the BNC connector as designed posed a substantial likelihood of harm nor that there was a safer alternative design, he has not established a genuine dispute as to a material fact with respect to his strict products liability claim for design defect.

Prendergast also contends that the district court erred in granting summary judgment on his negligence claim against AMI. "A cause of action in negligence will lie where it can be shown that a manufacturer was responsible for a defect that caused injury, and that the manufacturer could have foreseen the injury." *Robinson v. Reed-Prentice Div. of Package Mach. Co.*, 403 N.E.2d 440, 444 (N.Y. 1980). Prendergast points to other products liability cases where defendants failed to guard against foreseeable uses and misuses of their products, resulting in injury. However, he cannot demonstrate that his own method of disconnecting the BNC cable product without properly discharging the capacitor was a foreseeable use to AMI as the high-voltage power supplier, particularly given his thirteen-year employment as a technician with Hoya ConBio and the explicit training he received on proper discharge procedures. A manufacturer need not foresee that a trained technician will disregard his employer's recommended safety practices in servicing an energy-storage device that maintains "dangerous levels of high-voltage power for several minutes even after it has been disconnected." Appellant's Appendix 2. Because Prendergast cannot demonstrate that his own shock allegedly caused by contact with the BNC pin was a foreseeable injury, he does not succeed in asserting a negligence claim against AMI.

* * *

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4